## JONES vs. YOUNG.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT FOR THE PARISH OF

RAPIDES, THE JUDGE THEREOF PRESIDING.

Parties are not to be controlled in the order in which they adduce their proofs
on the trial: so in the transfer of a note, the defendant may examine wit-
nesses to prove the existence of equities between the original parties affecting
the consideration, and afterwards show, that the plaintiff took the note with
a knowledge of their existence.

Where the plaintiff took defendant's note endorsed in blank by the payee and
before due, but with a knowledge of the equities existing between the origi-
nal parties, amounting to a failure of consideration, he cannot recover.

This is an action on a promissory note, signed by the de-
fendant the 3d February, 1836, for $1655 95, payable to the
order of Stephen Tippett, and by him and others endorsed.
On the 11th April, 1837, the note was transferred to the plain-
tiff and before it was due, by the Tippetts, subrogating him to
all their rights against the maker.

The defendant pleaded the general issue ; and averred, that
the note was given with others for the price of a piece of land,

WESTERN DIS. from which he had been evicted by a pre-existing mortgage of
October, 1841. P. B. Martin, and of which the plaintiff had knowledge before
receiving said notes. That he has a right to offer in his defence all the equities existing between the original parties, which is a failure of consideration; and that the land for which the notes were given, was sold in the spring of 1838, to pay P. B. Martin's mortgage.

JONES
vs.
YOUNG.

The whole matter, with the evidence in support of the defence, was submitted to a jury; the most material parts of which are recapitulated in the opinion of this court.

There was a verdict and judgment for the defendant, from which the plaintiff appealed.

*Dunbar & Hyams*, for the plaintiff.

*Elgee*, for the defendant.

*Bullard, J.* delivered the opinion of the court.

This is an action by the endorsee of a promissory note against the maker. The defendant pleads, that the note was given with others in part consideration of a tract of land, which he purchased of Stephen Tippett and others. That he has since been evicted of the land for which the note was given, and that the consideration has failed. That these facts were within the knowledge of the plaintiff, and he took them subject to all legal exceptions against the payee. That the transfer of the note by the payee was in fraud of his rights. That it was agreed and understood, that the note when given was to be immediately transferred to P. B. Martin, who held a prior mortgage on the land, so as to extinguish the mortgage to that extent, and give the respondent a clear title. That the note was transferred in violation of this agreement, well known to all the parties and especially to the plaintiff, and that the land has since been seized and sold under the mortgage of Martin.

The case was tried by a jury, who found a verdict for the defendant, and the plaintiff appealed from the judgment rendered thereon.

It appears from a bill of exceptions in the record, that the plaintiff's counsel, during the trial excepted too much of the testimony of Holt & Beaman, as related to any conversations between them and the defendant Young, or between them and Tippett, relative to the note sued on, unless such conversations were had in presence of plaintiff, or were communicated to him previously to the transfer of the note, and he particularly objected to evidence of any conversation between the witnesses and Tippett or Young, as to any application of the notes given by Young to the mortgage notes given by Tippett to Martin, unless such conversations were in presence of the plaintiff or communicated to him before he became the holder of the note. But the court admitted the testimony as set forth in the note of evidence, on the ground that the defendant might bring home knowledge of it to the plaintiff afterwards in the progress of the trial; and if so, then the evidence was good, otherwise not.

We are of opinion, the court did not err. It is well settled under our practice, that parties are not to be controlled in the order, in which their proofs are to be laid before the court or jury. In the present case, if the defendant failed during the trial to bring home to the plaintiff's knowledge of the equitable circumstances, before he became holder of the note, the court might have been moved to instruct the jury, that the evidence of these statements out of his presence was not legal evidence against the plaintiff.

*Parties are not to be controlled in the order in which they adduce their proofs on the trial: so in the transfer of a note, the defendant may examine witnesses to prove the existence of equities between the original parties affecting the consideration, and afterwards show that the plaintiff took the note with a knowledge of their existence.*

Upon the merits, it was shown upon the trial, that the note was given for an instalment of the price of a tract of land bought by the defendant of Tippett, of which he has been evicted in consequence of a previous mortgage in favor of Martin. Holt, sworn as a witness, testified, that Tippett told him he had agreed with Young, to whom he had sold a part of the land, that his notes should be transferred to Martin, to make the debt lighter or to extinguish so much of it. Tippett told him, that was his object in selling the land to Young. That was understood before the sale, and that Martin was to

JONES
vs.
YOUNG.

take the note. The witness further testified, that in 1836 he was riding with Jones, the plaintiff, down the river, and they began to speak about the same land, and witness remarked, that he thought Tippett had acted foolishly in selling this piece of the land to Young, as he considered it the best part of the tract. Jones replied, that *Tippett had done so to make his payments to Martin easier.* Don't remember, that anything was said about the notes. That Jones and Tippett were very intimate; they had cultivated the plantation together the year before. That Tippett was a talkative and communicative man and spoke of his matters to every body, except when he was about to go to Texas. Mr. Beaman testified, that a day or two after P. B. Martin sold his property, Jones, the plaintiff, called on him to join him (Jones) in going security for Tippett to Martin for about $3000, which witness agreed to do. Jones told him, that Tippett was to place Young's notes, of which this is one, in their hands as collateral security. A day or two afterwards witness was called upon to endorse the notes for Tippett to Martin, and witness then made the remark to Jones, that he had had a conversation with Young about those notes, and that if Tippett should pay for the land he had bought of Martin, then there would be no difficulty in Young paying his notes; but if Tippett did not, there would be a difficulty in collecting the money from Young. Jones replied, that the notes given by Tippett were well secured, and that there was no danger of their not being paid. Witness further says, that he would not under those circumstances have taken Young's notes and given value for them. It is further shown, that one of the payees objected to the transfer of the note, but that she was finally persuaded to sign the act by her son, S. Tippett, and that Jones was present.

Where the plaintiff took defendant's note endorsed in blank by the payee and before due, but with a knowledge of the equities existing between the original parties, amounting to a failure of consideration, he cannot recover.

The jury concluded from the evidence adduced on the trial, that the plaintiff could not recover, on the ground, that he was informed of the equitable defence of the defendant. We do not regard this as one of the cases, in which it is our duty to disregard its verdict. The jury knew the parties and the wit-

nesses, and could better judge of the weight of evidence, than we can be.   They concluded from the intimacy of the plaintiff with his transferor, and the conversations between him and Holt & Beaman, that he took the note at his peril, and that Tippett had violated his agreement to transfer the note to Martin in discharge of the mortgage.

The judgment of the District Court is therefore affirmed with costs.