### T. M. DOYLE's EXECUTORS *v.* J. B. ESTORNET et al.

Parol proof is admissible to explain latent ambiguities.

Parties cannot be controlled in the order in which they introduce their evidence.

When the plaintiff fails to make out his case, the judgment should be one only of nonsuit.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

MERRICK, C. J. This is a petitory action. The principal question is one of identity.

The defendants claim title through one *William H. Martin*, deceased, who it appears was never the owner of the lot in controversy.

The plaintiffs claim through one *William H. Martin*, the former owner, who is still living and whose testimony was offered on the trial, but they failed in producing an act of sale from *Martin* to *Levy*, one of their vendors.

There was judgment in favor of defendants and warrantors, and the plaintiffs appealed.

The first question arises under a bill of exception taken to the ruling of the district judge, who refused to receive the deposition of *William H. Martin*, who was offered to show that he was the identical *Martin* who had once owned the lot, as stated in the act of sale from *Levy's* syndic to *Thomas M. Doyle*. The testimony was objected to, because it went to prove a title to real estate by parol. The court refused to receive the testimony until a *written* act of conveyance from *Martin* to *Levy* should be produced.

The objection was insufficient to exclude the testimony. Parol proof is admissible to explain latent ambiguities, and parties cannot be controlled in the order in which they introduce their evidence. 1 Greenleaf, sec. 288; 16 L. R. 296; 17 L. R. 253; 3 Rob. 106.

It has not been contended in this court that the testimony of the witness was admissible to prove title, although it appears uncertain by the bill of exceptions whether it was not offered for that purpose also. If a deposition (where a sale is acknowledged by a former owner) be a written evidence of title, that question does not arise, for it is not pretended here that the deposition was offered for such purpose.

Giving the plaintiff the benefit of the evidence for the purpose for which it was offered, and they still fail in their proof. For they do not show a transfer of title from *Martin* to *Levy*, and they can recover only on the strength of their own title.

As the bill of exception shows that plaintiffs had introduced their other evidence previous to offering *Martin's* deposition, and as the ruling of the judge did not, therefore, prevent them from offering the residue of their proof, we think the case should not be remanded for a new trial.

The district judge fell into an error in rendering a final judgment in favor of defendants. It should be one of nonsuit. The plaintiffs may be able to produce or account for the original deed to *Levy*, or *William H. Martin* may, by subsequent act, ratify the sale if his deposition be insufficient written evidence of such ratification.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendants and warrantors as in case of nonsuit, they paying the costs of appeal and the plaintiffs the costs of the lower court.