## MRS. A. B. GORDON, Executrix, *v.* L. MILLAUDON.

A party cannot be controlled in the order in which he chooses to offer his proofs.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.
    *J. McConnell & G. P. McPheeters,* for plaintiff.    *H. Griffon,* for defendant and appellant.

DUFFEL, J.    The plaintiff, as testamentary executrix of the estate of her husband, Alexander Gordon, sues the defendant, for $2237 93, balance of account due the Mexican Gulf Rail Road Company, whose rights,

GORDO
v.
MILLAUDON.

franchises, credits and real estate, were, it is alleged, acquired, by purchase, for account of the succession of Alexander Gordon, after his death.

The defendant pleaded the general issue, the prescription of one, two and three years, and reconvened in a sum of $840 91 remaining due, after having satisfied, by compensation, what he considered to be the claims of the plaintiff.

The District Judge rendered judgment in favor of the plaintiff for $2012 93, interest and costs. The defendant appealed.

Our attention is first called to a bill of exception, to the ruling of the Judge, excluding the testimony of M. Musson, on various grounds.

This bill of exception was well taken.

This suit involves a settlement of mutual accounts, and it was proper for both parties to reduce their relative indebtedness. The liability of the defendant is charged to the Mexican Gulf Rail Road, and he, consequently, has the right to oppose his account, against the same, in compensation. This the plaintiff herself undertook to do, for she allowed to the defendant, credits, to the extent of $2060 00. The defendant cannot be denied further and additional credits, simply because the succession of Alexander Gordon is open in a different court; for the succession, under the pleadings, is only a creditor for any balance due.

The objection will however prevail for the amount claimed in reconvention.

Again, the defendant had the right to show that the notes of $500 00 and $820 00 described in his account, had been taken up by moneys advanced by him for that purpose, and to produce, or account for the notes, should the facts disclosed require it. A party cannot be controlled in the order in which he chooses to offer his proofs. The ruling out of this evidence, necessitates a new trial, and dispenses us with passing on the other points involved in the case and which may be varied in consequence of the new trial to be had.

It is therefore ordered that the judgment of the District Court be avoided and reversed, and that this cause be remanded for a new trial, and further proceedings according to law, and the views herein expressed, the plaintiff paying the costs of the appeal.

VOORHIES, J., absent.