A rehearing was granted the defendants in this case restricted, however, to the question of attorneys fees demanded by them for dissolution of the various writs of attachment and the writ of judicial sequestration which had issued herein. The rehearing applied for on behalf of the plaintiff was refused. Although in their brief in support of the application for rehearing, counsel for defendants refer to other damages sustained by reason of the unlawful issuance of the said writs they do not press a claim therefor and ask only that their right to demand such damages be reserved.
Assuming that the defendants have the right to present a claim for any damages they may have sustained, it strikes us that they would have the right to sue for them in a separate proceeding without the necessity of such right being *Page 68 
specially reserved to them. Article 375 of the Code of Practice which counsel refer to is one of the articles dealing with demands in reconvention in any proceeding, and whilst its last provision is to the effect that in all cases of arrest, attachment, etc., the defendant may reconvene in the same suit for the damages he claims by reason of the plaintiff's illegal resort to any such writ, we do not understand by that that he is restricted to that form of proceeding in presenting his claim. That article merely gives him the right to make his demand by way of reconvention in the same suit in which the writ was granted without the necessity of his having to file a separate and independent suit. Counsel refer in their brief to the thousands of dollars of property belonging to these defendants which was tied up by reason of the various writs illegally resorted to by the plaintiff, but we find no proof in the record of any particular damage sustained by them on that account. It may be that they did suffer damages and if they have and can produce proof in support of them, it is our understanding that they have a right to file a separate suit to recover them whether the right to do so be reserved to them or not.
On the question of the attorneys fees claimed, we note in referring to the original opinion herein handed down, that in commenting thereon, it is stated that in their motion to dissolve the first writ of attachment the defendants did not ask for attorneys fees and that the writ was dissolved without a hearing. It is further stated that they did reserve the right to demand attorneys fees in their motion to dissolve the writ of judicial sequestration but that the judgment dissolving that writ is silent on the question. With regard to the last writ of attachment it is stated that they asked for attorneys fees but that as the judgment of the district court which was in favor of the plaintiff contains no reference to or makes no mention of the writ, such writ, if it was dissolved, was dissolved as a result of the trial on the merits and not on the motion to dissolve. It was for all these reasons that we refused to allow any attorneys fees at all.
The only question involved with regard to the motion to dissolve the first writ of attachment, which was dissolved in the lower court, is whether or not it is necessary for a defendant in filing such motion, to specifically demand attorneys fees. In other words, must he make the demand in some form of pleading or do attorneys fees for the dissolution of the writ on motion follow as a legal consequence of the dissolution?
Counsel state in their brief that they have made diligent search for authority on that point but can find none. Further they state that they can see no purpose to be served in having to make the demand as attorneys fees are merely an element which follows the illegal issuance of the writ. They cite two cases, McDaniel Co. v. Gardner Co., 34 La.Ann. 341, and General Motors Acceptance Corp. v. Sneed, 167 La. 432, 119 So. 417. Whilst these two cases have no direct bearing on the precise issue at hand, they seem to hold that liability for damages does arise out of the fact that there was a judgment rendered which was conclusive on the question of the illegal and wrongful issuance of a writ of attachment. Moreover, as on the question of attorneys fees, it has frequently been held that proof of the value for the services rendered need not be made as these services being performed in the presence of and under the eyes of the court itself, the court can on its own initiative fix such value, it would seem that their recovery follows as a legal consequence of the dissolution of the writ.
For these reasons we have concluded that we were in error in our original opinion and decree in refusing to allow the attorneys fees claimed by these defendants on the motion to dissolve the first writ of attachment and also to dissolve the writ of sequestration merely because no demand had been made by them in their motions to dissolve.
With regard to the last writ of attachment we find that we were in error in refusing to allow the attorneys fees because the judgment of the district court which was one in favor of the plaintiff on the merits, was silent on the motion to dissolve the writ.
In checking over the minute entries in connection with the record, we find that throughout the trial of the case, counsel for the defendants were very careful and particular in keeping the motion to dissolve the writ of attachment separate from the merits of the case and made note particularly, as appears from the minute entries of June 15, 1942, that it was the understanding that the motion to dissolve *Page 69 
was to be taken up and disposed of before trial of the case on the merits. We note further that there were two separate transcripts of testimony made, one relating solely to the motion to dissolve the attachment, and the other to the trial of the case on the merits. Finally we note also that the trial judge rendered two separate judgments on the same day, the first, a signed judgment refusing to dissolve the attachment, from which an appeal was taken by the defendants, and the second, a judgment in favor of the plaintiff for damages for $1,000 as a result of the trial on the merits, which was appealed from by the plaintiff.
The judgment of this court which reversed the judgment of the trial court on the merits, in effect sustained the motion to dissolve the attachment. In effect, also, it reversed the judgment of the district court by which that court had refused to dissolve the writ of attachment. Inasmuch therefore as that judgment should have been reversed and as a consequence the motion to dissolve the writ sustained, it follows that attorneys fees are recoverable on this motion as well as on the motion to dissolve the first writ of attachment and on the motion to dissolve the writ of judicial sequestration.
With regard to quantum we note that counsel are asking for a rather substantial amount as, they contend, there are five defendants and each one is entitled to recover. They state that a minimum of $250 in each of the three motions to dissolve the different writs should be allowed. We cannot understand what difference it can make in this case that there were five defendants as all motions to dissolve were based on the same ground and whilst it is true that the trial of the last motion required the taking of more testimony than would have been necessary had there been but one defendant, this did not apply in the motion to dissolve the other writs, as both were dissolved without trial. Moreover, the same attorneys represented all five defendants and it is unnecessary to consider how much each defendant would have to recover for the amount he would be obliged to pay. There is no reason why the amount which would have to be paid by the plaintiff on the first two motions to dissolve, or by her or her surety on the last attachment, cannot be lumped into one sum and judgment rendered accordingly. In view of the facts and circumstances just stated and especially that the only motion which involved a trial of any consequence was the motion to dissolve the last writ of attachment, we are of the opinion that an award of $150 for dissolution of that motion, and an award of $50 on each of the other two, would be proper and sufficient.
For the reasons stated it is ordered that the original judgment and decree herein handed down which reversed the judgment of the district court in favor of the plaintiff on the trial of the case on the merits be and the same is hereby reinstated and made final.
It is further ordered, adjudged and decreed that the judgment of the district court which refused to dissolve the writ of attachment herein issued on May 26, 1941, be and the same is hereby reversed, annulled and set aside and it is now ordered, adjudged and decreed that the said writ of attachment be and the same is hereby dissolved.
It is further ordered, adjudged and decreed that the defendants do have and recover judgment herein for attorneys fees for the unlawful issuance of the first writ of attachment issued herein, in the sum of $50 and likewise in the sum of $50 for the unlawful issuance of the writ of judicial sequestration, the said judgment in each instance to operate and be executory against the plaintiff, Mrs. Rachel Williams, individually and in her capacity as natural tutrix of her minor daughter, Donna Mae Williams, and in the further sum of $150 as attorneys fees for the unlawful issuance of the last writ of attachment issued herein on May 26, 1941, the judgment in this instance and for this amount being operative and executory against the said plaintiff, individually and in her said capacity just mentioned, and also against McKinley Demars, surety on the attachment bond, in solido, with legal interest from date of judicial demand in each instance, together with all costs of court. *Page 70