ELLIS, Judge.
The plaintiffs filed this suit for $750 which they allege is due them for legal services rendered Mrs. Alton Bernard in a suit for separation from bed and board filed against her husband on September 25, 1953, and also for services rendered in the suit filed by her husband, Alton Bernard, against her for separation on October 23, 1953.
Plaintiffs allege in detail the services performed in the two suits and the fact that the defendants have become reconciled without paying the fee claimed. They further allege that the debt was incurred by the wife during the existence of the community and that the community is therefore responsible.
The defendant Mrs. Irene Bernard filed an exception of no right or cause of action *640 which was sustained and which ruling is not before the Court.
After trial in the District Court there was judgment in favor of the plaintiffs awarding them attorney fees for their services in the suit of Mrs. Bernard against her husband, Alton Bernard, in the sum of $450, and fixing the fee for their services, in defense of the suit by the husband, Alton Bernard, against Mrs. Irene Bernard, his wife, in the sum of $75.
While there is no challenge made to the jurisdiction of this Court, and under Article 7, •§ 10, Par. 4 of the Louisiana Constitution, LSA, and the jurisprudence recently interpreted by us in Tanner v. Tanner, La.App., 73 So.2d 489, which involved a claim for attorney fees, it is possible that the Supreme Court might have jurisdiction herein, in view of the fact, however, that this suit was filed separately from the main action on a quantum meruit basis and could possibly be distinguished from the Tanner case, supra, which arose therein while this one arose therefrom, we will accept jurisdiction without question.
It is the contention of appellant that $250 would be the proper amount that should be awarded for appellee’s services to Mrs. Bernard in the two suits.
As contended by appellee, the fee would be fixed on a quantum meruit basis as was very clearly set forth in the case of Benton v. Losavio, La.App., 176 So. 676, 677:
" * * * must be arrived at in each particular case on the basis of the amount of work involved, the ability of the defendant to pay, the value of the community interest involved, as well as the nature and circumstances of the particular case. * * * ”
Counsel for appellant does not dispute this proposition of law but contends that the services, etc., rendered in the case at bar bring it within the fees established in the case of Kay & Kay v. Alston, La.App., 52 So.2d 465.
We do not believe that the Kay case is controlling for under the facts shown in the present case it involved more work and a greater amount of community property.
In the present case on September 25, ap-pellees were consulted by their client Mrs. Bernard, and prepared and filed pleadings, obtained a temporary restraining order prohibiting disposing of community property, which required two or three conferences between appellees and counsel for appellant. Appellees, as-a consequence of having been appointed to make an inventory of the community property, made a preliminary investigation of the records. A rule for alimony had been obtained by appellees which resulted in a discussion between opposing counsel with regard to an amicable settlement, upon which there was no agreement. On October 15, 1953, appellees caused the rule for alimony and a preliminary injunction to be re-set. Appellees remained in court the greater portion of one day awaiting trial of these rules which were postponed.
During the period from September 25 to October 26 appellees were obliged to request and obtain an extension of the restraining order in order to keep it in force. Appellees also had many telephone conversations and conferences with Mrs. Bernard. They also prepared an answer in the appellant’s suit against Mrs. Bernard which was not filed as the parties became reconciled. The record shows that the community property approximated $28,000 to $30,-000. There were minor services other than these enumerated by appellees on behalf of their client.
The appellees offered the testimony of an attorney who stated in one part of his testimony that the services were worth from $450 to $550, and another time from $500 to $800.
The District Court in view of the services rendered by appellees and the testimony of the one witness, rendered a judgment as previously stated in the sum of $450 for representing Mrs. Bernard in her *641 own suit and $75 ■ for representing her in the suit filed by appellant.”
We find no manifest error in the judgment of the District Court and it is hereby affirmed.