133 So.2d 897 (1961)
Janet ROMERO, Plaintiff and Respondent,
v.
Whitney LEGER, Defendant and Relator.
No. 345.
Court of Appeal of Louisiana, Third Circuit.
September 20, 1961.
Concurring Opinion September 26, 1961.
Rehearing Denied October 11, 1961.
Certiorari Denied November 6, 1961.
Fournet & Adams, by Robert J. Adams, Lafayette, for defendant-relator.
Simon & Trice, by J. Minos Simon, Lafayette, for plaintiff-respondent.
En Banc.
FRUGE, Judge.
In this case plaintiff filed suit seeking an absolute divorce from her husband and contemporaneous with the filing of the suit, obtained an ex parte order of court providing that her husband show cause on a date and hour set by the court, why he should not be compelled to advance to her from the assets of the community existing between them, the sum of $1,500 to be used by her as an advance and part payment to her attorney for legal services to be rendered by him in the divorce suit.
Before the lower court tried any other matter in this suit, a rule to show cause why plaintiff's husband should not advance attorney fees and court costs was tried; following the trial thereof, the said Whitney Leger was ordered by the court to deposit the sum of $150 in the Clerk of Court's office for the purpose of paying costs of filing and costs as they accrue up to that amount, and to pay any additional costs and fees that may accrue during the proceedings; in addition thereto defendant was ordered to pay plaintiff's counsel the sum of $100 as an advance on his attorney fees. From this ruling of the trial court Whitney J. Leger, husband of Janet Romero, applied for writs to this court which writs were granted solely relative to the question of advancing money and deposits for the payment of court costs and attorney fees.
Counsel for plaintiff-respondent argues that the courts should award a wife who *898 has sued for a separation or divorce attorney fees and costs pendente lite. He argues that the wife's right to sue for a separation or divorce is an empty right unless she is awarded these costs and attorney fees pendente lite. He summarizes the jurisprudence showing that at the beginning under no circumstances was a community held liable for attorney fees and other expenses incurred by the wife in connection with the filing or prosecution of any separation or divorce action against the husband. He points out that the rigidity of this doctrine was relaxed and modified by the case of Benedict v. Holmes, 104 La. 528, 29 So. 256, which held that the community estate was liable for attorney fees and costs in a separation or divorce action instituted by the wife, where the wife was successful. Finally came Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310, which rejected the prior jurisprudence and held that all of the expenses incurred by the wife in connection with a separation or divorce action were chargeable to the community estate regardless of the outcome of such litigation, whether it was concluded successfully or unsuccessfully or dismissed before trial. While respondent is correct in his summarization of the jurisprudence, the said jurisprudence nevertheless does not substantiate respondent's present contention.
The Supreme Court of Louisiana has determined that the marital regime between husband and wife is terminated as of the effective date of the judgment of separation or divorce. See Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169; Coney v. Coney, 230 La. 821, 89 So.2d 326. The wife cannot, under ordinary circumstances, by contract bind the community estate. Our courts have now held that there is one exception to this general rule, namely she can bind the community estate for the payment of attorney fees and all costs incidental to a suit for separation or divorce. However, we can find no jurisprudence, law, statute, or codal article which would substantiate a court allowing the wife attorney fees and costs in advance of the final outcome of the suit or proceeding on the merits. Neither the legislature of the State of Louisiana nor the courts have ever felt that it was necessary or expedient to establish such an allowance. We believe that the rights of the parties are fully protected by existing laws and to allow these attorney fees and costs in advance might unnecessarily encourage litigation between husband and wife and may endanger the stability of the home. Furthermore, under the jurisprudence of this state a wife cannot agree with her attorney for any specified fee which the community might be liable for, as this fee is allowed and fixed by the court on a quantum meruit basis (see Tanner v. Tanner, supra; Mouton, Champagne & Colomb v. Bernard, La.App., 79 So.2d 639; Parker, Seale & Kelton v. Messina, 214 La. 203, 36 So.2d 724).
In 17 Am.Jurisprudence, at page 709 et seq., we find:
"The court in making, in a divorce suit, an allowance of temporary alimony and suit money, is exercising a special power conferred upon it by a statute and not according to the common law, and is limited strictly by the terms of the statutes authorizing the making of such allowance."
We cannot find a Louisiana Statute, nor can we interpret any statute or codal article whereby we might allow a wife in a divorce or separation suit attorney fees and costs in advance, or a portion thereof.
Accordingly, for the foregoing reasons the rule made absolute by the court below ordering Whitney J. Leger to advance attorney fees and costs in this matter is hereby recalled and vacated.
TATE, Judge (concurring).
Our learned trial brother held that the defendant husband must advance the court costs of this bitterly contested divorce proceedings, *899 concluding that otherwise the wife could not effectuate the right given her by the legislature to seek a divorce on the specified ground and to secure recognition, if successful, of her ownership of one-half of the property of an allegedly substantial community. The trial court reached its determination after a two-day hearing on allegations, inter alia, that the husband was concealing and otherwise inhibiting court access to substantial community cash assets; as a result of which, the court also ordered the defendant to pay $85 weekly as alimony pendente lite for support of his wife and child.
In my opinion, the trial court was within its discretion in ordering the husband to advance court costs herein as they accrue, upon a finding that he had sufficient resources in his possession to do so, for the following reasons: (1) Such an allowance is within the items of maintenance allowed to the wife as alimony pendente lite under LSA-Civil Code, Article 148; (2) If, under the facts of this case as found by the trial court, such allowance is not made, then the wife's legislatively-given right to seek a divorce, and also to secure recognition of her interest in the community property, is a barren one without effective remedy, a result we must suppose the legislature did not intend, see Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310; and (3) If the husband has substantial community cash assets on hand, it is only fair and equitable that the court costs be advanced from them, just as the husband's necessary expenses will be, especially since after all the wife owns a one-half interest in the community assets, to preserve which these court costs will be used.
The rules of the district in which this suit was filed required that court costs be deposited as they accrue; by statute also, the plaintiff or his surety must within ten days of demand by the clerk pay accrued court costs, LSA-R.S. 13:843, as amended by Act 349 of 1958. Thus, unless she can somehow secure advance court costs, the present wife may not be able to prosecute further these divorce proceedings, in which it has already been necessary to file numerous pleadings, including contempt citations because of the husband's alleged refusal to comply with court orders designed to prevent diversion of community assets.
By LSA-Civil Code Article 148 our legislature has provided:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
The source of this provision is Article 268 of the French Civil Code, which pertinently provides: "The wife, whether plaintiff or defendant in the suit for divorce, shall be permitted to leave the domicile of her husband pending the suit, and to demand alimony proportionate to the means of her husband. The court * * * shall fix, if there be occasion, the amount of the alimony which the husband shall be obliged to pay to the wife." See Annotations to Article 147, West's LSA-Civil Code, p. 719. As stated at I Planiol, Traite' Elementaire de Droit Civil (12th ed. 1939) Section 1249 (La.State Law Institute translation, 1959, P. 690), discussing this provision:
"The sums [as alimony during pendency of the suit] which it is proper to allow one or the other spouse, as the case may be, comprise both that which is necessary to permit such spouse to live and the funds needed to carry on the divorce suit. The allowance therefore embraces both alimony and an advance for legal expenses." (Italics ours.)
I see no reason for concluding that the Louisiana legislature, in providing for the wife's maintenance during the pendency of the divorce proceedings, had any intent differing from that of the source legislation, which was to provide not only food and *900 lodging but also necessary legal expenses, proportionate to the wife's need and the husband's means, at least in the exceptional cases when without the allowance of court costs the wife's legal remedy of divorce or separation could not be effectuated. (The jurisprudence already affords the wife a remedy to secure an attorney in a divorce or separation proceeding, by recognizing her attorney's fees as an obligation of the community whether or not she is successful in the suit, see Gosserand case, above-cited. I therefore agree with the majority that advance attorney's fees should not be allowed, even though advance court costs as they accrue should be, when otherwise the wife's remedy cannot be enforced.)
If the legislature has given the wife the right to temporary support while her divorce or separation suit is pending and has given her a right for proper cause to the judicial dissolution of her marriage and of the marital community, this right should reasonably include, under proper circumstances, the right to the advance of necessary court costs in connection with the pending suit. Otherwise the alimony granted for her support must necessarily be diverted from food and shelter for herself and her children into the court costs necessary for her to secure this support and her other legal rightsa situation which I do not conceive that the legislature intended, namely: to give the wife a right to institute her action and to obtain temporary support, but to deprive her of the means to exercise effectively that right.
This, incidentally, is the general rule in many of our sister states, despite the statement to the contrary in American Jurisprudence quoted in the majority opinion. That the treatise statement quoted in the majority opinion is incorrect can be seen, not only by the inappositeness of the single case cited in support thereof, but also by reading the many cases cited in connection with the contrary and correct statement of the generally prevailing rule found at 27A C.J.S. Divorce § 216, pp. 934 et seq., as follows:
"As a general rule, in divorce proceedings, the wife may be allowed a sum to defray the expenses of the suit and counsel fees, in addition to the sum allowed her, as temporary alimony, for her maintenance and support during the pendency of the suit * * *. There exists, however, some authority to the effect that such allowance cannot be made in the absence of statutory authorization."
The courts of several of our sister states have reached this conclusion under temporary support provisions applicable to pending divorce suits similar to these contained in our own LSA-C.C. Art. 148 which does not specifically provide for suit money. In Beach v. Beach, 1955, 99 Ohio App. 428, 130 N.E.2d 164, 134 N.E.2d 162, 165, for instance, the Ohio court held that attorney fees were to be treated as alimony pendente lite under a statute authorizing "alimony to either of the parties for his sustenance and expenses during the suit" and concluded that there is no distinction "between temporary alimony for support and expense money for counsel fees", 134 N.E.2d 169. In Howard v. Howard, Mo.App.1957, 300 S.W.2d 853, the court, in interpreting the statutory authority for decreeing "alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant", held that "the category of alimony pendente lite embraces and includes allowances for suit money, support, and attorney's fees," 300 S.W.2d 855. See also Finch v. Finch, 1957, 213 Ga. 199, 97 S.E.2d 576; Streitwolf v. Streitwolf, 1899, 58 N.J.Eq. 570, 43 A. 904, 45 L.R.A. 842.
I cannot see how the interpretation that the sum allowed the wife for support pendente lite includes necessary advance court costs will to any appreciable extent encourage divorce proceedings or endanger the stability of the home. After all, since 1808 the legislature has by LSA-C.C. Art. 148 and its predecessors provided without disastrous results for maintenance of the wife during the pendency of the divorce *901 or separation proceedings. In the absence of a legislative abolition of the wife's right to seek a divorce or to receive maintenance during the pendency of the divorce proceedings, I think the courts must interpret the legislative provisions on the question reasonably to make effective to the wife these legislatively-given rights.
It is also argued that the trial court's order that the husband advance court costs in this divorce suit as they accrue is contrary to the legislative denial of the right to proceed in forma pauperis in divorce or separation suits. LSA-C.C.P. Art. 5181 et seq. However, such legislation, which grants indigent persons the privilege of litigating without the payment of costs or furnishing cost bonds, concerns an entirely different subject. Such enactment is not authority that the husband of means may not be required under the specific legislative authority of LSA-C.C. Art. 148 to furnish his wife with suit-money from assets within his control, so that the property of the marital community or of the marital partners may be used to pay the court costs as they accrue. The exclusion of LSA-C.C.P. Art. 5181 simply means that the public is not required to bear the costs of the divorce litigation if either the husband or the wife or both are indigent; but it does not prevent the use of the marital partnership's or partner's assets to pay such court costs.
But I concur with instead of dissent from the majority's reversal of the trial court. I do so, however, only because in apparently the only Louisiana decision on the question (not, however, called to the attention of our learned trial brother), an early decision of our Supreme Court indicates, in its syllabus, that such type of expense is not allowable to the wife pendente lite. State ex rel. Malady v. Judge, etc., 1870, 22 La. Ann. 264.
The syllabus of this ancient precedent is considerably broader than its holding. Further, at the time it was decided, the wife's attorney's fees in a divorce or separation suit were never recognized as a community obligation, Tucker v. Carlin, 1859, 14 La. Ann, 734; jurisprudence since overruled by the Supreme Court, based upon the unenforceability of the wife's remedy of divorce or separation unless her attorney's fees in such proceedings were recognized as an obligation of the community whether or not she successfully concludes the suit, Benedict v. Holmes, 1900, 104 La. 528,29 So. 256; Gosserand v. Monteleone, 1925, 159 La. 316, 105 So. 356, 42 A.L.R. 310.
It is thus unlikely that the Supreme Court will feel itself bound by the cited decision. But, nevertheless, as an inferior tribunal it is appropriate that we follow the latest expression of our State's highest tribunal on the subject, even though we feel that the trial court has more correctly interpreted the legislative intent and even though it is doubtful, in view of developments in related jurisprudence, that the Supreme Court will follow this ancient ruling if presented anew with the question.
For these reasons I respectfully concur with my brethren of the majority.

On Application for Rehearing. En Banc. Rehearing denied.