AYRES, Judge.
By this action plaintiff sought, on the grounds of cruelty, a judgment of separation “a mensa et thoro” from her husband, a dissolution of the community, with recognition of her interest in the community estate, and custody of her two minor children, with alimony pendente lite for her and the minors’ support. The defendant in reconvention likewise sought, on the grounds of cruelty, desertion, and abandonment, a separation from his wife.
On trial, plaintiff’s demands, except as to the custody of the children, who were awarded to her, were rejected. Defendant was granted a judgment of separation on the ground of abandonment. No award of alimony was made. From the judgment thus rendered, plaintiff appealed.
First for consideration is plaintiff’s motion to remand this cause for a new trial. The motion is directed to the failure of the judgment to award alimony pendente lite *264 for plaintiff’s and the minors’ support and points up certain inaccuracies in defendant’s testimony with reference to his employment and income. The truth of the matters of which plaintiff complains was apparently established in a hearing on a rule subsequent to the trial of this cause on its merits. A transcript of the proceedings had on trial of that rule, a copy of which is attached to plaintiff’s motion, reflects that plaintiff was awarded alimony pendente lite in the sum of $100 per month. No complaint is made with reference to the adequacy of the award. Nor does plaintiff now complain as to a failure of the judgment to award the minors’ support in view of an order of the juvenile court directing the defendant to pay $150 per month for their support. Moreover, it may be observed that plaintiff, so far as this motion is concerned, is not shown to be dissatisfied with the award as made on the trial of the aforesaid rule. Nevertheless, it may be pointed out that she has, or at least had, an adequate remedy by an appeal from that judgment, if she considered the award insufficient. The motion, for the aforesaid reasons, is without merit and must therefore be overruled.
On the merits of this case, plaintiff complains of the rulings of the trial court in excluding certain of her evidence. Thus, it is contended that she was prejudiced and reversible error was committed by the court.
The language of the allegations of plaintiff’s petition constitutes the basis for the court’s rulings. Plaintiff alleged that she and defendant “voluntarily separated on or about March 17, 1964.” Following this statement are allegations enumerating and detailing numerous acts of alleged cruelty and inhuman treatment committed prior to the separation. None of these was asserted to be a cause or the cause of their separation. Evidence as to these, except as to one instance which the court reasoned might possibly have served as a cause of the separation, was excluded on the theory that such evidence could only be admitted to show a course of conduct corroborative of an incident precipitating the separation and thus a course of conduct rendering their living together longer as husband and wife insupportable.
From our review of the record, we do not find that plaintiff was unduly hampered or hindered in the trial of the case or in the presentation of evidence; ’ nor do we find that plaintiff was prejudiced by the rulings of the court. The court expressed to counsel a preference in having first presented evidence as to the acts of cruelty relied upon as a basis or cause of the separation, to be followed by whatever corroborative evidence plaintiff desired to offer.
Plaintiff relies upon a rule early established in the jurisprudence of this State to the effect that a party is not bound to adopt any particular order in the introduction of his evidence in the presentation of his case; that he may prove the various facts in the order he prefers, and may, therefore, exercise his own judgment as to the order of the introduction of his proof, in the absence of a rule specifying a particular order, and cites in support thereof the following cases: Maurin v. Chambers and Williams, 16 La. 207; Brander et al. v. Ferriday, Bennett & Co., 16 La. 296; Jones v. Young, 19 La. 553; Lynch v. Benton, 3 Rob. 105; Doyle’s Ex’rs v. Estornet et al., 13 La.Ann. 318; Gordon v. Millaudon, 16 La.Ann. 347.
Nevertheless, we may point out that trial courts may exercise discretion in the trial of cases in the interest of justice. LSA-C.C.P. Art. 1631 provides:
“The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.”
We therefore conclude that the court did not abuse its discretion in direct *265 ing that evidence as to the fact or incident precipitating or causing the separation he introduced before proof of a corroborating nature be adduced. Plaintiff was not deprived of any substantial rights; nor was she prejudiced by the ruling made.
We do not deem it necessary to discuss, in detail, the testimony offered by plaintiff. It suffices to state that plaintiff has failed to establish her case by a reasonable preponderance of the evidence and to such a degree of legal certainty as would warrant a judgment of separation. On the contrary, defendant’s evidence establishes that plaintiff left the matrimonial domicile and refused to go with him to New Orleans where his employment required that he reside. In fact, plaintiff’s own testimony supports defendant’s position in this regard. We therefore find no error in the judgment granting defendant a separation.
Finally, we may point out that the judgment inures to plaintiff’s benefit as well as to that of the defendant. She was awarded custody of the children and, in separate proceedings, the defendant was condemned for her, as well as the minors’, support. A remand of the cause for a new trial would avail her nothing inasmuch as she has acquired all the relief which she could hope to obtain should a new trial be granted and should she be then awarded all the relief for which she prays.
We do feel that plaintiff should not be required to pay court cost out of the awards made for her and the minors’ support. Therefore, in the exercise of the discretion vested in us by LSA-C.C.P. Art. 2164, the cost of the trial court, as well as the cost incurred on appeal, will be assessed to defendant.
The judgment appealed is therefore amended by taxing defendant-appellee with all costs, and, as thus amended, it is affirmed.
Amended and affirmed.