190 So.2d 916 (1966)
Jo Ann Joris GALLAGHER, Plaintiff-Appellee,
v.
James Albert GALLAGHER, Defendant-Appellant.
No. 10642.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1966.
*917 C. P. Brocato, Shreveport, Martin S. Sanders, Jr., Kermit M. Simmons, Winnfield, for appellant.
Love, Rigby, Donovan, Dehan & Love, Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
This action for a separation "a mensa et thoro" was heretofore before us twice, originally (174 So.2d 262 [1964]), and on rehearing (174 So.2d 265 [1965]), and before the Supreme Court (248 La. 621, 181 So.2d 47 [1965]), pursuant to a writ of certiorari directed to this court (247 La. 1036, 175 So.2d 647 [1965]). Pursuant to the decree of the Supreme Court, this cause was remanded to the trial court for the reception of certain new evidence and for a reconsideration of the issue of separation from bed and board in the light of that evidence. The basis for the decree for a remand is clearly set forth in the Supreme Court's opinion and need not be repeated here. It suffices to say that this court, on rehearing, considered certain evidence which was, at the time, not properly before the court on the trial of the merits of the case. With respect to that evidence the Supreme Court stated:
"However, it is not only obvious that that evidence has a bearing upon the controversy; but it is apparent that it is vital evidence, for it seriously affects the credibility of the husband's testimony, which was an all-important factor in arriving at the judgment in his favor initially.
* * * * * *
"Since we find this newly discovered evidence important, and inasmuch as it is quite evident from the dates on the documents that this evidence could not have been discovered and produced with due diligence on the part of counsel before or during the original trial, the case should be remanded to the lower court for the reception of this new evidence and for reconsideration of the issue of separation from bed and board in the light thereof." (248 La. 621, 181 So.2d 47, 49, 50 [1965].)
On the remand to the trial court the evidence referred to was made a part of the record and, on consideration of the record as then constituted, there was judgment in favor of plaintiff decreeing a separation from bed and board and awarding plaintiff the care, control, and custody of the two minor children. From the judgment thus rendered and signed, defendant appealed. Defendant was granted orders of appeal which concerned only the matter of the separation decree. By an answer to the appeal plaintiff has prayed for an award of an attorney's fee of $2,500 payable out of the property of the community estate formerly existing between plaintiff and defendant.
After analyzing the testimony, now properly included in the record, when this *918 cause was on rehearing, we made the following comment:
"Excluding the husband's testimony, the evidence is uniform and convincing that Mr. Gallagher, while not guilty of physical cruel treatment, was guilty of such cruelty as to render their living together unbearable and insupportable within the meaning of Louisiana Civil Code Article (3) as interpreted by our jurisprudence. See Carriere v. Carriere (La.App. 3 Cir., 1962) 147 So.2d 668 and cases cited therein. We find the evidence supports the following nonexclusive acts:
"1. Consistently absenting himself from his wife and matrimonial domicile and returning at all hours of the night without any explanation as to his whereabouts.
"2. Engaging in social drinking with women other than his wife both in public and private and on some occasions when no other parties were present.
"3. By consistently being cold and indifferent to his wife, even during the periods of her pregnancy and of the birth of her youngest child.
"If the above enunciated acts of indiscretion had been isolated incidents our ruling might be different, but we are constrained to hold that the husband's conduct considered as a whole reflects a pattern of conduct constituting mental cruelty toward his wife which made their continued living together unbearable and justified her in moving out of the matrimonial domicile."
(174 So.2d 262, 266, La.App., 2d Cir. 1964.) Our most recent review of the record as completed on the remand served only to convince us of the correctness of these conclusions.
Remaining for consideration is the question of the allowance to plaintiff of an attorney's fee for the institution and prosecution of this action for a separation "a mensa et thoro." The nature and extent of the work required of plaintiff's counsel, as reflected by the record and which may be gleaned from the observations heretofore made, warrant the award of a substantial fee. However, such an award may not, in our opinion, be made solely on a basis of a demand contained in answer to an appeal. Such an answer may not serve as a basis for a demand not otherwise placed at issue, nor serve to increase a demand properly made for a lesser amount. Reference to the pleadings reflects that plaintiff's demand for an attorney's fee was limited to the sum of $1,000.
No specific formula exists for the fixing of an attorney's fee in a case of this character; each case must rest upon its own facts. The factors which must be weighed in making such a determination are many. Considerations generally concern the degree of responsibility incurred, including the importance of the litigation and the nature and extent of the work performed, as well as legal knowledge, attainments, and skill of counsel. Henriques v. Vaccaro, 218 La. 1020, 51 So.2d 611 (1951); McGovern v. Gilbert, 127 So.2d 93, La.App., 4th Cir. 1961.
Where the court is familiar with the facts upon which the award of an attorney's fee may be made, it may make its own estimation of the value of the services rendered. Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108, 110 (1959); Hunt v. Hill, 138 La. 583, 70 So. 522 (1916); Succession of Franz, 133 So.2d 140, La.App., 4th Cir. 1961; Watkins v. Abshire, 108 So.2d 666, La.App., 1st Cir. 1959; Daigle v. Great American Indemnity Company, 70 So.2d 697, La.App., 1st Cir. 1954 (writ denied); Williams v. Ralph R. Miller Shows, 17 So.2d 67, La.App., 1st Cir. 1944 (amended 17 So.2d 389). While not necessarily controlling, expert opinion may be resorted to as a guide. Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51 (1953); Peltier v. Thibodaux, 175 La. 1026, 144 So. 903 (1932).
*919 Defendant contends that the demand for an attorney's fees must be rejected on the grounds that there is no evidence in the record to show that the plaintiff had agreed to pay and her attorney had agreed to accept the figure asked for. The contention is without merit. It is well established in the jurisprudence of this State that while the wife cannot, by agreement with her attorney, bind the community to pay any specific fee, the community is nonetheless liable for the fee of the wife's attorney as fixed by the court on a quantummeruit basis. Romero v. Leger, 133 So.2d 897, La.App., 3d Cir. 1961 (writ denied). See, also: Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1956) (on rehearing); Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310 (1925); Id., 164 La. 397, 113 So. 889 (1927); Shockley v. Shockley, 141 So.2d 64, La.App., 2d Cir. 1962; Mouton, Champagne & Colomb v. Bernard, 79 So.2d 639, La.App., 1st Cir. 1955.
While an attorney's fee of $1,000, the maximum claimed in plaintiff's petition, is not insubstantial, an award of that amount appears to be reasonable and ample under the facts of this case.
Therefore, for the reasons assigned, the judgment is amended by the allowance of an attorney's fee to plaintiff, Mrs. Jo Ann Joris Gallagher, in the sum of $1,000, which the defendant, James Albert Gallagher, is condemned to pay out of the property constituting the assets of the community of acquets and gains formerly existing between plaintiff and defendant; and, as thus amended, the judgment appealed is affirmed at defendant-appellant's costs.
Amended and affirmed.