LEMMON, Judge
(dissenting).
I concur that in determining venue, the trial judge had the authority to issue any reasonable and necessary orders pertaining to that determination. But that is not the sole issue before us. We must also decide whether or not the trial judge abused his discretion in issuing the order to deposit transportation costs.
I believe that it is unreasonable for a person to institute a suit and then require the person made defendant to pay in advance the expenses of her attendance at the trial of the suit. While I believe that there is some justification for the inclusion of necessary legal expenses of the divorce suit in setting alimony pendente lite,[1] I further believe that the wife must prove these necessary expenses as a part of her needs, as well as proving her husband’s ability to pay according to his means.
In this case the trial court originally set alimony pendente lite at $69.23 per week after a full hearing. The wife contends that when her husband failed to pay that alimony, she was forced to go to California (in the community automobile) to live with her brother. She could have attempted enforcement of the alimony order by contempt proceedings. Since she chose instead to leave the state, I believe that it is unreasonable to require her husband to buy her a round trip airplane ticket for her to return here to advance the case which she originated.
I therefore believe that the trial judge abused his discretion in ordering the husband to pay transportation costs of $468.00 in this case in addition to the alimony pen-dente lite set previously.
However, if the majority view is correct as to the order to deposit transportation costs, it appears to me more reasonable to require that the merits of the case be set for trial on the same day and immediately after the venue hearing. If venue is found to be proper, then all pending matters can be heard without additional expense to the community, the head and master of which can only afford to pay $69.23 per week to support his wife and children.
On an incidental point, I further disagree with the majority’s interpretation of the Landry case, which was decided on lis pendens. Dicta in the Landry case states that a wife must first prove that her husband’s fault caused her to establish a separate domicile before venue is proper as to a suit brought by her in that separate domicile.
I cannot subscribe to this theory that allows a husband to leave the matrimonial domicile and establish a separate domicile elsewhere for purposes of venue, and denies this right to the wife. Although at one time the wife needed the authority of her husband to establish a separate domicile (as well as to perform many other acts), married women have now become emancipated.[2] The wife should be able to establish a separate domicile and institute a separation suit in that new domicile without having to prove fault twice, first on an exception to venue and second on the merits.
Since the sole basis of the exception of venue in this case is that the wife cannot legally establish a separate domicile without first proving that her husband’s fault caused her to do so, I believe that the trial judge erred in not simply overruling the exception as a matter of law when the exception came up for hearing.

. See 1 Planiol, Traite Élémentaire de Droit Civil, Ch. IV, § 1249, p. 690 (12th ed. 1939, La. State Law Institute transl. 1959), cited in the concurring opinion in Romero v. Leger, 133 So.2d 897 (La.App. 3 Cir. 1961).

. R.S. 9 :101 et seq.