271 So.2d 553 (1972)
Joseph L. GUARISCO
v.
Mary GUARISCO.
No. 9107.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
Rehearing Denied January 31, 1973.
*554 David L. Dawson, Jr., Baton Rouge, for appellant.
Dennis R. Whalen, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CUTRER, JJ.
ELLIS, Judge:
This is an appeal by plaintiff Joseph L. Guarisco from that part of a judgment of divorce rendered in favor of defendant Mary Guarisco which awarded her permanent alimony in the amount of $75.00 per month.
Mrs. Guarisco was plaintiff in a suit in which she sought a separation from her husband on the ground of cruel treatment. Judgment was rendered therein in her favor on January 27, 1971.
This suit was instituted for a final divorce on the ground of adultery, and Mrs. Guarisco reconvened for a divorce on the ground of living separate and apart for more than one year following the rendition of the judgment of separation, and for permanent alimony.
After trial on the merits, judgment was rendered, awarding the divorce to Mrs. Guarisco and awarding her alimony in the amount of $75.00 per month, and plaintiff has appealed.
Article 160 of the Civil Code provides as follows:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
"1. The wife obtains a divorce;
"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
"3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.

*555 "This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
In this court, plaintiff claims that Mrs. Guarisco is not entitled to alimony because she has not shown that she was free from fault in the separation, and because there is no necessity for alimony.
At the trial, the only evidence offered to show freedom from fault in the separation was the record in the original separation suit, including the judgment of January 27, 1971. In Rayborn v. Rayborn, 246 So.2d 400 (La.App. 1 Cir. 1971), we held that "a wife who has obtained a judgment of separation from bed and board on the grounds of cruelty may offer that judgment in proof of her absence of fault and then the burden shifts to the husband. . . to bring forth facts which would show fault on the part of his wife. . .". Mr. Guarisco offered no evidence to show fault in the separation on the part of his wife. He has therefore failed to carry the burden required of him, and the judgment of January 27, 1971, stands as proof of absence of fault on the part of his former wife.
The record further shows that Mrs. Guarisco was employed, earning a gross salary of $325.00 to $330.00 per month, and a take home pay of $285.00 per month. She testified to living expenses of $383.00, and her total expenses for food, clothing and rent amounted to $283.00, which is approximately equal to her income.
Alimony under Article 160 of the Civil Code has been held to be a pure gratuity, and the amount thereof is to be fixed so as to provide the wife with sufficient means for her maintenance. Maintenance has been interpreted to include primarily food, shelter, and clothing. Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950); Burris v. Burris, 197 So.2d 89 (La.App. 1 Cir. 1967).
In Doughty v. Doughty, 244 So.2d 86 (La.App. 3 Cir. 1971), the court said:
"In determining the wife's ability to support and maintain herself, the law is not concerned with the preservation of the standard of living to which she has been accustomed, but only whether or not she has sufficient means (considering capital and income) to provide herself with food, clothing, and shelter."
Considering the foregoing authorities, we find that Mrs. Guarisco has "sufficient means for her support" within the meaning of Article 160 as interpreted by the courts of this state, and that she is not presently entitled to alimony thereunder.
The judgment appealed from is therefore amended, so as to eliminate therefrom the alimony award of $75.00 per month made to Mrs. Guarisco, and, as amended, it is affirmed, at defendant's cost.
Amended and affirmed.