283 So.2d 836 (1973)
Mrs. Betty BALLARD, Plaintiff-Appellee,
v.
John Olen BALLARD, Defendant-Appellant.
No. 12131.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
*837 Davenport, Files & Kelly by Thos. W. Davenport, Jr., Monroe, for defendant-appellant.
Oliver & Wilson by John W. Wilson, Monroe, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
This appeal is from a judgment of the district court granting the plaintiff-wife a divorce from the defendant-husband, awarding the wife alimony of $50 per month, and awarding the wife child support of $300 per month. The husband appealed, contending that the wife is not entitled to alimony because of her alleged fault in bringing about the separation. He further contends that the amounts awarded for alimony and child support are excessive. The wife answered the appeal, praying for an increase in the amounts awarded. We affirm the judgment of the district court.
In May, 1971, plaintiff, Betty Ballard, brought suit against defendant, John Olen Ballard, for separation on grounds of cruel treatment and abandonment, for custody of the two minor children of the marriage, and for alimony pendente lite for the support of herself and the children. After trial of the alimony rule, alimony pendente lite was fixed in the amount of $250 per month for the support of plaintiff and the two children.
Defendant then answered generally denying plaintiff's allegations and reconvened for a separation on the grounds of cruel treatment and for custody of the children. In August, 1971, judgment was rendered granting plaintiff a separation on the grounds of abandonment and awarding her custody of the children. Pursuant to a stipulation between the parties, alimony pendente lite for the support of plaintiff was fixed at $200 per month and child support fixed at $100 per month or a total of $300 per month.
In September, 1972, plaintiff petitioned for a final divorce and continuation of the alimony and child support awards. Defendant answered praying for a reduction of the previous awards because of changes in the financial circumstances of the parties. Plaintiff amended her petition to pray for an increase in the awards. Defendant amended his answer to put at issue plaintiff's entitlement to alimony for herself.
After trial, the district court rendered written reasons for judgment as follows:
"1. The wife in this action for divorce previously obtained a judgment of separation upon the grounds of abandonment by the husband.
"2. Upon introduction of the judgment of separation by the wife, the burden shifted to the husband to prove fault on the part of the wife causing the separation. Guarisco v. Guarisco, 271 So.2d 553 [La.App.] 1st Cir. 1973). Mr. Ballard failed to carry the burden required of him and the judgment of separation stands as proof of absence of fault on the part of his former wife.
"3. By agreement the parties had temporarily established alimony for the wife *838 at $200 per month and child support for the two children at $100 per month. In view of the wife's employment and net monthly earnings of approximately $236, the previous amount is now excessive and will be fixed herein at $50 per month. On the other hand, the former child support amount is inadequate to maintain the children in accordance with their father's means and the standard of living to which they have become accustomed. Support will be awarded for the two children in the amount of $300 per month."
Judgment was signed in accordance with the reasons for judgment.
The first issue on appeal is the wife's entitlement to alimony after divorce under LSA-C.C. Art. 160, which allows alimony to a wife only when "the wife has not been at fault". Both parties have thoroughly briefed the issue of effect to be given the prior separation judgment rendered on grounds of abandonment by the husband as it relates to the question of the wife's fault for purposes of alimony after divorce.[1] However, defendant-appellant's analysis of the jurisprudence concedes that the rule applied by the district court in accordance with the Guarisco case is the most favorable ruling available to him under the cited cases in that it allowed him the opportunity to offer evidence on the question of the wife's fault. The district court, nevertheless, held defendant's proof inadequate to meet his burden of proving fault on the part of the wife. We are thoroughly in agreement with the trial judge's findings of fact in this respect. The evidence offered as to the wife's fault was meager, and consisted only of some vague testimony that the separation was by mutual consent and that she dated, as did defendant, after the parties separated. The evidence offered falls far short of showing fault on the part of the wife contributing substantially to the breakup of the marriage. Thus, it is unnecessary for us to consider or discuss the correctness of the district court's application of the Guarisco rule to this case.
The next issue is the amount of the awards for alimony and child support. The total amount awarded at the trial of the original alimony rule was $250 per month. At the time the separation judgment was rendered, the total amount was fixed pursuant to stipulation at $300 per month. The apportionment of $200 for alimony and $100 for child support was done strictly for the tax advantage it afforded defendant. The total amount of the awards appealed from is $350; $50 for the wife and $300 for the children.
Defendant-appellant argues primarily that his income has decreased and plaintiff's income has increased since the prior award of child support. In September, 1972, he left a partnership in an insurance agency where he earned approximately $16,800 in 1970, and approximately $13,600 in 1971, to establish his own agency. In 1972, he earned $13,984 and anticipates drawing a salary of $12,000 in 1973, with $900 other income. At the time of the previous award the wife had no earnings but *839 is now making a gross salary of $70 per week and a net salary of $59.04 per week as a bookkeeper.
Evidence of the parties' necessary expenses was presented and as is usually the case, the total exceeded their combined income.
The fixing of alimony and child support rests primarily on the trial judge's sound discretion. We have carefully reviewed the evidence and find the court's discretion was soundly exercised in this case and the amounts awarded are fair and reasonable under all the facts and circumstances.
For the reasons assigned, the judgment of the district court is affirmed, at defendant-appellant's costs.
Affirmed.
NOTES
[1] The parties cite Gallagher v. Gallagher, 174 So.2d 262 (La.App.2d Cir. 1965); Gamino v. Gamino, 199 So.2d 202 (La.App.4th Cir. 1967); Davidson v. Jenkins, 216 So.2d 682 (La.App.3d Cir. 1968); Rayborn v. Rayborn, 246 So.2d 400 (La.App.1st Cir. 1971); Guarisco v. Guarisco, 271 So.2d 553 (La. App.1st Cir. 1972), and Broussard v. Broussard, 275 So.2d 410 (La.App.3d Cir. 1973). See also Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941); August v. Blache, 200 La. 1029, 9 So.2d 402 (1942); McKnight v. Irving, 228 La. 1088, 85 So.2d 1 (1956); Moreau v. Moreau, 142 So.2d 423 (La.App. 3d Cir. 1962); Sachse v. Sachse, 150 So. 2d 772 (La.App.1st Cir. 1963); Randle v. Gallagher, 169 So.2d 224 (La.App.4th Cir. 1964); Barr v. Freeman, 175 So.2d 649 (La. App.1st Cir. 1965); 27 La.L.Rev. 426 (1967); 14 Loy L.Rev. 261 (1967-68). The decisions of the courts of appeal subsequent to the 1964 amendment to LSA-C.C. Art. 160 have not yet developed uniform and clear-cut rules relative to "relitigation" of the issue of the wife's fault for purposes of alimony after divorce where there has been a prior separation judgment.