CHEHARDY, Judge.
The plaintiff-appellee, Pauline Haider, wife of Jonathan K. Mouton, was granted a judgment decreeing a separation a mensa et thoro between herself and her husband on November 21, 1978 after a trial on the merits of the case.
As part of this judgment plaintiff was awarded $950 as attorney fees to be paid out of the community by the defendant, who now appeals, arguing that this award was excessive.
It is a well-established rule that the value of the services for attorney fees in the wife’s suit against her husband for a separation must be based on quantum me-ruit, and not on any agreement of the wife with her attorney fixing these fees in order for the community to be bound. Gallagher v. Gallagher, 190 So.2d 916 (La.App. 2d Cir. 1966).
Attorney fees must be arrived at in each case based on the amount of work involved and the ability of the defendant to pay, as well as the nature and circumstances of the particular case. Mouton, Champagne & Colomb v. Bernard, 79 So.2d 639 (La.App. 1st Cir. 1955).
Appellant argues that this was a simple uncontested case of acquiring a legal separation, almost by default, because although the case was tried on the merits, no opposition was presented by defendant or his attorney.
At the trial the plaintiffs attorney testified that she usually charges $40 to $50 an-hour but agreed to charge Mrs. Mouton only $35 an hour, based on her ability to pay. Although she could not remember the total amount of hours, she testified th.at she had sent the plaintiff a bill for $1,200. She further testified that she began handling the case immediately after the original petition was filed. Thereafter she filed a supplemental petition and argued a motion for alimony pendente lite and child support. She also filed a motion for judgment on the pleadings, made a court appearance to argue that motion, and filed a motion for a new trial on the judgment of alimony and child support.
The trial judge, being familiar with the case from its inception, is in the best position to fix reasonable attorney fees, and we cannot find any evidence of manifest error.
For the reasons assigned the judgment appealed from is affirmed.

AFFIRMED.