LOTTINGER, Judge.
This is a suit for damages filed by Ernest Kinchen for damages resulting from a bad-faith trespass upon his property by Pete Taulli, Joe Taulli and Consolidated Gravity Drainage District No. 1 of Tangipahoa Parish, Louisiana, who are the defendants herein. The Lower Court awarded judgment in favor of the petitioner and against the Drainage District, however it dismissed the suit in so far as the other two defendants are concerned. The petitioner took this appeal.
The facts presented at trial disclose that on December 12, 1952, the Police Jury of the Parish of Tangipahoa secured a right-of-way grant from the petitioner for the purposes of constructing certain drainage facilities through his property. This was a blanket right-of-way, the exact location of the proposed facilities not being designated therein. Subsequent to the execution of this right-of-way and during the year 1955, a canal was dug in a generally northerly and southerly direction, meandering through the property of petitioner. This canal severed the petitioner’s property approximately in halves, and the Drainage District constructed a bridge so that the petitioner could cross from the western to the eastern portion of his property and vice versa.
During the year 1957, the Drainage District, through its contractors, Pete Taulli and Joe Taulli again entered unto the property of petitioner, without securing any additional right-of-way, and constructed an additional canal running in a generally northwesterly-southeasterly direction across the eastern portion of the property that was *279 severed by the canal dug in 1955. As a result of this second canal the northern and southern portion of the eastern portion of petitioner’s property has been severed. The old and new canals together are generally “T” shaped with the top of the “T” running in a generally northwesterly-southeasterly direction.
This suit results from the digging of the second, or “new” canal. The petitioner alleges that the defendants trespassed upon his property in bad faith and claims damages as follows:
1. Destroying approximately 6 acres valued at $400.00 per acre or a total sum of $2,400.00;
2. Destroying 4 acres of peas at 100 bales per acre or a total of 400 bales valued at $2.00 per bale or a total sum of $800.00;
3. For repair and reconstruction of fence — $250.00;
4. Damage to property — $2,500.00;
5. Loss and damages to timber- — $500.00;
6. Attorney fees — $750.00.
The defendants, Pete Taulli and Joe Taulli, filed an answer which, in effect, is a general denial, and further called the Drainage District in warranty alleging that the work performed was under contract with the Gravity Drainage District who guaranteed that all necessary right-of-ways had been acquired. Although the Drainage District filed a general denial, they were present at the trial of the matter and took the position that the blanket right-of-way had been secured for drainage canals across petitioner’s property, and further claiming that no damages were caused to the property of petitioner by the digging of the second canal. The petitioner claims no damages from the first canal dug across his property.
The Lower Court awarded judgment in favor of petitioner and against the Gravity Drainage District in the total sum of $950.-00 and dismissed the suit as against the other defendants, as follows:
“Value of Land, .58 of an acre and spoil bank $100.00
Cost of Bridge 250.00
Cost of repairing fence 50.00
Loss of Pea and Hay crop 400.00
Loss of Timber 50.00
Severance damages , 100.00
TOTAL $950.00”
The petitioner took this appeal. As neither of the defendants have appealed or answered the appeal, the judgment of the Lower Court cannot be amended in their favor. Article 2133 of the LSA-Code of Civil Procedure.
The evidence disclosed that the new canal which was dug on petitioner’s property was for a length of 345 feet, and comprised a total width, including the canal and the spoil bank, of approximately 72 feet The defendants introduced into evidence a bill of sale dated May 18, 1955, which shows that a portion of the property owned by petitioner was then acquired for the sum of $75.00 per acre. As the alleged trespass occurred during the months of August and September 1956, this bill of sale was only some 16 months prior to the taking by the Drainage District. The amount of land taken by the Drainage District for the canal comprised some .58 acres for which, the Lower Court awarded the sum of $100.00. Although there was some testimony in the record showing sales of what was claimed to be comparable property for more than the amount allowed below, it was shown that the comparable property contained certain improvements which, of course, increased the value thereof. We feel that the Lower Court was reasonable in assessing the value of the land taken at the sum of $100.00.
The Lower Court awarded the petitioner the sum of $250.00 as the cost of a bridge to be constructed across the new canal so that he could get from the northern *280 to the southern portion of the eastern half of his property. The only testimony regarding the cost of a bridge was that of petitioner himself who stated that the charge would be in the sum of approximately $400.00 to $500.00. He failed to introduce the testimony of the individual who made the repairs or to itemize the expenses. The petitioner has failed to sustain his burden of proof, however, this item cannot be reduced because the defendant has not appealed nor answered the appeal.
The next item awarded by the Lower Court was the cost of repairing a fence which was in the amount of $50.00. There is no question but that it was necessary to tear down a portion of petitioner’s fence in order to dig the canal, however we believe that the preponderance of the evidence disclosed that the fence was repaired by the contractor. Mr. C. W. Jackson, an engineer for the State Department of Public Works, and Mr. Russell Sieta, an employee of the contractor, both testified that the contractor repaired the fence, Mr. Sieta saying that he himself was the one who performed the repairs to the fence.
Although the petitioner claims the sum of $250.00 for the repair of the fence, he failed to itemize the expenses, and also failed to introduce any testimony from the man who allegedly made the repairs. With regard to this item we feel that the petitioner has failed to sustain his burden of proof, however, the cost of the repairs to the fence cannot be reduced because of failure of the defendants to appeal or answer the appeal.
 The next item of damages allowed by the Lower Court was for loss of a pea and hay crop in the sum of $400.00. The petitioner claims that by failure of the contractor to repair the fence immediately after the digging of the canal, certain cattle entered his pea field and destroyed four acres of peas. He claims that the field would have produced 100 bales per acre at a value of $2.00 per bale or the total sum of $800.00. With regard to the petitioner’s testimony on this score many objections were made by defendants, based upon the fact that there was no concrete evidence as to how much hay would have been produced per acre and, that the petitioner was unable to testify as to the cost of a bale of peas at that particular time. It is unquestionable also that some expenses would have been incurred in the cutting and baling of the peas.
A neighbor of the petitioner testified with regard to the fencing around the pea patch prior to the taking, which indicates that the pea patch was not completely fenced in. He further testified that he walked through petitioner’s place on many occasions along a cow path going to the pea field, and that there was a “piece of fence” around the pea field. This testimony, together with the testimony that the fence was repaired immediately after the canal was dug indicates to us that petitioner failed to prove by a preponderance of the evidence that the damages to the pea crop were caused solely by the defendants. Although it is apparent that a portion of the pea crop was damaged by the digging of the canal, the evidence fails to disclose, with any reasonable certainty the quantum of damages caused, however, the quantum allowed by the Lower Court in the amount of $400.00 cannot be disturbed as the defendants have acquiesced in this award by their failure to appeal or answer the appeal.
The next item of damages allowed by the Lower Court was in the sum of $50.00 for loss of timber. The testimony on this item was again very conflicting. Julius Smith who was introduced as an expert by petitioner testified that he made no accurate count or measurements of the timber taken, but gave only total valuation without explaining how he arrived at the total number of board feet. His total valuation of the timber taken was in the sum of $342.00.
Mr. C. W. Jackson, who was an engineer for the State Department of Public Works, stated that there were only some 10 or 12 trees destroyed which were higher than his head and which had a diameter ranging *281 from 12 to 18 inches. Mr. Sieta, on the other hand, testified that there were no more than maybe 5 or 6 trees of merchantable timber destroyed in the canal right-of-way. We feel that the testimony with regard to the destruction of trees was too vague so as to justify any award for damages on this score. Here again, we feel the petitioner failed to sustain his burden of proof, but again the judgment cannot be amended in favor of defendants.
With regard to severance damage the Lower Court awarded the sum of $100.-'00. We certainly do feel that there should he some damages allowed on this account, as the new canal did bisect the eastern portion of the petitioner’s land. This portion of the judgment will be affirmed.
With regard to attorney fees involving forcible trespass cases, this Court has held that same are not allowed. See Loeblich v. Garnier, La.App., 113 So.2d 95 on rehearing 113 So.2d 107.
The only remaining point to consider concerns the liability of the contractors in so far as the petitioner is concerned. The petitioner contends that Pete Taulli, Joe Taulli and the Drainage District •are joint tort-feasors, and seeks a judgment in solido against them. In the contract between the Drainage District and the Taullis, the Drainage District did warrant that the necessary right-of-ways had been •obtained. The Taullis, therefore, did properly call the Drainage District into warranty in this suit so that a judgment might be rendered in their favor and against the Drainage District in the event that the Court granted judgment in solido against all defendants in the main action.
We believe that the Lower Court did err in failing to render judgment in solido against the defendants, and the judgment below will be amended accordingly. However, as the Taullis did not appeal or answer, we cannot now consider their call in warranty.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to provide for judgment -in favor of petitioner, Ernest Kinchen, and against defendants, Pete Taulli, Joe Taulli and Consolidated Gravity Drainage District No. 1 of Tangipahoa Parish, Louisiana, in solido, in the sum of $950.00, and, as amended, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by defendants.
Judgment amended and affirmed.