HARDY, Judge.
This is an action by plaintiff for a balance due on charges for professional services performed for defendant. From judgment in favor of plaintiff, as prayed, for a balance of $2,000.00, the defendant has appealed.
Plaintiff alleged that over a period of some fifteen months, more or less, during the years 1963-64, he had performed professional services for defendant for which he had made a charge of $3,500.00. Defendant paid $1,500.00 on the account but refused to pay the balance of $2,000.00, which, consequently, was claimed in this action.
On trial of the case plaintiff testified in detail as to the nature and extent of the services rendered which primarily involved a refinancing program of defendant’s affairs. In the course of this service plaintiff was successful in procuring a re-negotiation of long-time lease agreements on two service stations owned by defendant which resulted in a substantial increase of the net value of the rentals over a fifteen-year period in an amount in excess of $49,000.00. Plaintiff performed the necessary legal work in procuring the release of properties securing an indebtedness to the Small Business Administration and effected advantageous compromise settlements with defendant’s numerous judgment creditors. From the standpoint of financial benefits plaintiff’s work resulted in savings and increases of revenues in a total net amount of approximately $56,000.00 which would accrue over a period of some fifteen years.
The gist of the defense is that plaintiff’s charges based upon the time devoted to these affairs and the nature of work involved were excessive and exorbitant. It is particularly urged on behalf of defendant that plaintiff did not devote the total time of approximately five hundred hours, as he testified, to the work performed for the interest of his client, and that the services rendered were not of an unusual nature nor did they involve any necessity for litigation or extensive research.
In addition to his testimony as to the time actually involved in connection with his handling of defendant’s legal business, plaintiff testified as to extensive correspondence, numerous consultations with lawyers and business executives and almost daily meetings with his client over a considerable period of time. Two distinguished members of the Rayville Bar, Mr. W. D. Cotton and Mr. John C. Morris, Jr., testified on behalf of plaintiff that the charges made were reasonable. While it is true that this testimony, in great degree, was predicated upon plaintiff’s testimony as to the number of hours spent, the complicated nature of the transactions and the financial benefit to the client, it is also true that none of these elements were successfully controverted by defendant. The testimony of the defendant as to the excessive nature of the charges is necessarily based upon a layman’s point of view and showed little understanding or appreciation of the value of professional legal services. Defendant presented the testimony of Mr. Warren Hunt, a practicing attorney at law, who was of the opinion that plaintiff’s work could have been performed in a time period of approximately forty hours. We do not feel that this testimony is persuasive in the face of the abundant establishment of the numerous involved negotiations in which *835 plaintiff was required to engage in the interest of his client.
Examination of the record is convincing as to the conclusion that plaintiff has established his claim, as to the nature and value of the services performed and the work required in connection therewith, by a preponderance of the evidence.
It must be borne in mind that the value of the services of an attorney at law cannot be fixed solely upon the basis of the time required for performance. In many instances attorneys, particularly those engaged in individual practice, do not keep detailed records which accurately reflect the exact amount of time devoted to each professional responsibility. There are other factors which are appropriate for consideration, such as the benefits which accrue to a client as the result of the work of his legal representative, the complexities of the work itself and the extent of the negotiations which have been found necessary.
Counsel for defendant relies upon Henriques v. Vaccaro, 218 La. 1020, 51 So.2d 611, in which the Supreme Court held that the services under consideration were adequately compensated by judgment for $3,500.00 instead of the amount in excess of $11,000.00 claimed by the attorney. We do not think that this case established any rule intended to be accepted as a matter of general application. On the contrary, the court specifically stated in its opinion:
“In the absence of a contract, no ironclad rule can be laid down which would be applicable to every case in determining the amount due an attorney for professional services rendered. The amount due in any case will always have to be determined on the facts and circumstances surrounding that individual case. As a general proposition, this court has said that consideration should be given to the amount in controversy, the physical and mental labor involved, the responsibility incttrred, the ability to pay of the party who is liable, and the legal knowledge, attainments, and skill of counsel.” (Authorities cited) (Emphasis Supplied)
After weighing the factors’ enumerated in the above quotation, we think plaintiff has satisfactorily established his entitlement to the compensation claimed. In Wegmann v. Suggs (La.App. 4th Cir., 1962), 147 So.2d 263, the court refused to interfere with the award made by the district judge, remarking that “ * * * the judge is in the peculiar situation of being more or less of an expert in his own right.”
We find no error in the conclusion of the trial judge, which, in our opinion, is adequately supported by the record.
The judgment appealed from is affirmed at appellant’s cost.