205 So.2d 63 (1967)
David L. HERMAN and Nicholas Masters
v.
Luana Thiel JAMBOIS and Sidney Jambois.
No. 2734.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
Rehearing Denied January 9, 1968.
*64 Thomas M. Brahney, III, and Walter D. Kelly, New Orleans, for plaintiffs-appellees.
Meunier, Martin & Meunier, Marcel J. Meunier, Jr., New Orleans, for Luana Thiel Jambois, defendant-appellant.
Richard A. Dowling, New Orleans, for Sidney Jambois, defendant-appellee.
Before YARRUT, SAMUEL and HALL, JJ.
SAMUEL, Judge.
Plaintiffs, licensed and practicing attorneys at law, instituted this suit in quantum meruit for professional services rendered by them to one of the defendants, Mrs. Jambois, in connection with her suit for a separation from bed and board against the other defendant, Mr. Jambois. Among other things, the petition alleges Jack C. Caldwell, an attorney, holds $1,500 in escrow to assure payment of the fee and prays that he be ordered to deposit that amount in the registry of the court. In response to a rule to show cause why the deposit should not be made Mr. Caldwell filed an answer and an incidental demand in concursus alleging he had in his possession the $1,500 deposited with him by the two defendants pending resolution of the controversy between them and plaintiffs concerning attorney's fees, he had no interest in the matter except to pay the sum to the party or parties entitled thereto, and he desired to deposit the sum into the registry of court and thus be relieved of all responsibility in the matter. An order to that effect was signed by the trial judge and the $1,500 was so deposited. The petition prays that the court award $1,500 as a fee and that plaintiffs be recognized as having a lien and privilege on the $1,500 deposit to secure the payment thereof.
Following a trial on the merits and two limited new trials a final judgment was rendered in favor of plaintiffs and against the defendants, in solido, in the sum of $1,159.40. The judgment recognized plaintiffs as having a lien and privilege on the $1,500 deposit. Only Mrs. Jambois has appealed.
*65 The record reveals that in July of 1964 Mrs. Jambois employed plaintiffs to bring legal proceedings against her husband for separation from bed and board or divorce and thereafter to effect a settlement of the community. On her behalf plaintiffs filed a suit for, and in due course obtained a judgment of, separation from bed and board on the ground of cruel treatment. The judgment gave Mrs. Jambois custody of her minor child and awarded her $450 monthly alimony for the support of herself and the child. Mr. Jambois did not oppose the suit; prior negotiations involving the litigants and their attorneys had resulted in agreement between the litigants as to custody, alimony and some other incidental matters, including placing in escrow some of the money realized from the sale of a piece of community real estate for the purpose of paying community debts.
Plaintiffs thereafter endeavored to arrange an amicable settlement of the community with Mr. Jambois and his attorney and had worked out an agreement whereby Mrs. Jambois was given the opportunity of either selling her interest in the community-owned stock of Jambois O. & M. Machine Shop, Inc. (her husband was the president and she was the secretary-treasurer of the corporation) for the sum of $11,800 or of buying her husband's interest in that stock for a like amount. Under the agreement Mrs. Jambois also was to receive one-half of the net proceeds from the sale of several pieces of community real estate. She rejected the proposed settlement and would not agree to proceed with a judicial partition of the community, insisting instead that another suit be filed against her husband for a divorce on the ground of adultery. Plaintiffs then withdrew as her attorneys in May, 1965. Their claim therefore encompasses services rendered during the course of approximately ten months. Subsequently Mr. Jambois obtained a divorce based on the judgment of separation from bed and board under LSA-R.S. 9:302.
Appellant contends: (1) plaintiffs are not entitled to a fee in any amount; alternatively, (2) the fee awarded is excessive; and, also alternatively, (3) that portion of the judgment which recognizes plaintiffs as having a lien and privilege on the $1,500 deposit is erroneous.
Appellant's first contention is based on the argument that plaintiffs: (1) refused to file for a divorce on the ground of adultery; (2) failed to obtain a profit and loss statement as repeatedly requested by Mrs. Jambois, resulting in financial loss to her; and (3) failed to prove the value of their services by expert testimony.
The first contention is without merit. When the suit for separation was filed Mrs. Jambois had been unable to furnish her attorneys with proof of adultery sufficient to obtain a divorce on that ground. In addition, even if proof of adultery had been available to plaintiffs, it is apparent from the record that the filing of a suit for divorce on the ground of adultery when Mrs. Jambois insisted on such action, i. e., a matter of months after the separation judgment in her favor had been obtained, was not in her best interest at that time. An attorney cannot be deprived of his fee simply because he refuses to follow his client's every suggestion and whim, however unrealistic.
Nor do we find, as argued by appellant, that plaintiffs failed to obtain a profit and loss statement requested by Mrs. Jambois and such failure resulted in financial loss to her. The statement referred to is one involving the corporation in which the community owned stock. Such a statement actually was obtained, by repeated demands made by plaintiffs upon Mr. Jambois and his attorney, after some delay following the first request by Mrs. Jambois. There is no proof that the delay caused Mrs. Jambois any financial loss; nor has her present attorney in this appeal (she represented herself in the trial court) suggested any method by which plaintiffs could have obtained the statement sooner. In all probability, to have proceeded to obtain the statement by court order would not have been successful at any *66 earlier time than that on which the statement actually was obtained and such court proceeding would have brought to an end a possible amicable settlement of the community.
It is true plaintiffs offered no expert testimony as to the value of the services rendered by them; the only testimony on that subject was given by the plaintiffs themselves. But in fixing attorney's fees in quantum meruit where the legal services were rendered under the eye of the court, the trial judge is fully able to determine the value of the services without the necessity of hearing testimony by attorneys relative to that value. Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108; Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12; Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789; Hunt v. Hill, 138 La. 583, 70 So. 522; Watkins v. Abshire, La.App., 108 So.2d 666.
In the instant case the trial judge did not hear the separation suit. It was heard by another division of the same court. However, the separation suit record was before the trial judge and is before us. And since the separation proceedings were before the same court, although heard by a different division, the rule contained in Thigpen v. Thigpen, supra, is applicable, the services were rendered "under the eye of the court" and testimony by another attorney or attorneys as to the value of the services was unnecessary. Gallagher v. Gallagher, La.App., 190 So.2d 916; Watkins v. Abshire, supra.
We are also of the opinion there is no merit to appellant's second contention, that the fee awarded is excessive. There are many factors which enter into a determination of a reasonable attorney's fee in quantum meruit. While there is no specific formula and each case rests on its own facts, generally the considerations are: the extent and nature of the services rendered; the responsibility incurred, including the importance of the litigation; the labor, time and trouble involved; the results achieved; and the legal knowledge, attainments and skill of counsel. In re Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276; Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51; Henriques v. Vaccaro, 218 La. 1020, 51 So.2d 611; Pittman and Matheny v. Davidge, La.App., 189 So. 2d 706; Boies v. Faust, La.App., 181 So. 2d 833; McGovern v. Gilbert, La.App., 127 So.2d 93.
In the instant case plaintiffs and Mrs. Jambois had agreed that the fee for plaintiffs' services would be $1,000 for the separation and, subject to a credit of that $1,000, 10% of the amount received in the community settlement. Mrs. Jambois subsequently made a deposit of $250 to cover costs and expenses and made no further payments. The trial court awarded the sum of $1,000 as remuneration for the services rendered in connection with the suit for separation and matters ancillary thereto and $300 for services rendered in connection with a settlement of the community, or a total sum of $1,300, less $140.60 unexpended from the $250 deposit made by Mrs. Jambois to cover costs and expenses.
The record reveals that plaintiffs spent in excess of 108 hours in rendering their services. This involved fourteen office conferences, numerous phone conversations (in excess of seventy-five), and court and other work outside the office, including trips to other parts of the state in connection with restraining orders and other matters. Plaintiffs based their charges on less than $15 per hour. The conversations and conferences included many with the attorney for Mr. Jambois. We note that Mrs. Jambois appears to have been a particularly trying client who made some demands on her attorneys which were impractical and difficult, if not impossible, to fulfill.
Here, principally as a result of Mrs. Jambois' attitude, there was much more trouble for her attorneys than would ordinarily be expected. Nor is any question *67 raised as to the legal knowledge, attainments and skill of plaintiffs. Considering the entire record, and keeping in mind that the question of the value of legal services rendered by an attorney is one that comes peculiarly within the province of the trial judge under whose eye the services were performed, we find no error in the trial court's conclusion as to a reasonable fee.
We also find no merit in appellant's third contention, that the judgment appealed from is erroneous in that it recognizes plaintiffs as having a lien and privilege on the $1,500 deposit. Our settled law is that the fee of the wife's attorney in a suit for divorce or for separation from bed and board is a community debt. Pennison v. Pennison, 249 La. 587, 187 So.2d 747; Thigpen v. Thigpen, supra; Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Uchello v. Uchello, 220 La. 1061, 58 So.2d 385; Talbert v. Talbert, 199 La. 882, 7 So.2d 173; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Shockley v. Shockley, La.App., 141 So.2d 64; Romero v. Leger, La.App., 133 So.2d 897.
Here there appear to be no other community creditors, at least none are in the case at this time, and the portion of the judgment complained of simply has the effect of ordering the fee paid out of the deposit. The $1,500 unquestionably belonged to the community of acquets and gains which formerly existed between Mr. and Mrs. Jambois, it appears to be all that is left of the community property, both defendants agreed the $1,500 would be held for the purpose of paying plaintiffs' fee, and plaintiffs, as community creditors, are entitled to be paid therefrom.
We must pass on one other question. In this court Mr. Jambois has filed a brief in which he prays that the judgment be amended, and as amended affirmed, so as to order that plaintiffs' fee be paid out of the $1,500 deposit and that the balance of the deposit be divided equally between the two defendants. But as Mr. Jambois has neither appealed from the trial court judgment nor answered the appeal taken by Mrs. Jambois, we cannot consider his request. LSA-C.C.P. Art. 2133; Polizzi v. Lotz, 240 La. 734, 125 So.2d 146; Blasingame v. Anderson, 236 La. 505, 108 So.2d 105; Thibodaux v. Potomac Insurance Company, La.App., 201 So.2d 159; Succession of Jones, La.App., 193 So.2d 352; Areaux v. Maenza, La.App., 188 So.2d 633; Pierce v. Hartford Accident Indemnity Co., La. App., 184 So.2d 241; Kinchen v. Taulli, La. App., 171 So.2d 277; Bradford v. Patterson, La.App., 159 So.2d 342; Williams v. Langston, La.App., 138 So.2d 691.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.