382 So.2d 399 (1980)
In re the ESTATE of Daniel J. DEZSO, Deceased.
No. 79-357.
District Court of Appeal of Florida, Fourth District.
April 9, 1980.
N. Richard Schopp, Port St. Lucie, for appellant Daniel J. Dezso, Personal Representative of the Estate of Daniel J. Dezso, Sr., Deceased.
Charles E. Garris, of Smith, O'Haire, Thatcher & Quinn, Vero Beach, for appellee Angeline P. Dezso.
GLICKSTEIN, Judge.
This is a timely appeal from an order of the probate court, extending the time in which a claimant could file an action based upon her statement of claim. We reverse.
Appellee is the widow of the decedent, whom she married on June 13, 1970. On May 19, 1978, the decedent executed a will, leaving his estate to his son and naming him as personal representative. At the time of decedent's death on June 14, 1978, he was domiciled in Florida. An inventory filed August 3, 1978 indicated that the estate assets consisted of personal property valued at $21,469.63.
On October 17, 1978, appellee, a resident of Connecticut, filed a statement of claim against the estate for $35,000 based on her having tendered all of her income and social security benefits to the decedent from the date of their marriage, together with savings of $7,500. Her attorney-in-fact in Connecticut *400 executed said claim and a surviving spouse's election to take her statutory share of the estate. Appellant filed an objection to appellee's claim on October 26, 1978; and on December 26, 1978, an Indian River County law firm filed a petition in appellee's behalf to extend time for the filing of an action based on the statement of claim. An order was entered on January 19, 1978 by the probate court extending the time thirty days from the date of the order.
Appellee's reasons for seeking the extension of time in her petition were the following:

2. That Petitioner employed attorneys in St. Lucie County for the purpose of pursing said claim. Said attorneys, due to illness, were not able to handle the estate's claim. (Emphasis added)

3. The nature and extent of the claim being such that the Petitioner was unable to trace certain assets in the possession of the decedent necessary to proceed to bring an action against the decedent's estate.

4. That the claimant is not a resident of the State of Florida and as such is not familiar with the nature and extent of the decedent's estate nor the provisions of the Florida Probate Code.
The governing statute is Section 733.705(3), Florida Statutes (1977), which states in part:
(3) The claimant shall be limited to 30 days from the date of service of an objection within which to bring an independent action upon the claim. For good cause, the court may extend the time for filing an objection to any claim or the time for serving the objection, and may likewise extend the time for filing an action or proceeding after objection is filed. The extension of time shall be granted only after notice. No action or proceeding shall be brought against the personal representative after the time limited above... . (Emphasis added)
The statute's nature and the test for establishing good cause are discussed in In re: Goldman's Estate, 79 So.2d 846, 847 (Fla. 1955):
It is held in this jurisdiction that since the statute in question expressly authorizes the county judge, upon good cause shown, to extend the time for bringing suit, the statute is not a statute of non-claim, as is section 733.16, Florida Statutes, F.S.A., but is a statute wherein "the stated time limits operate as rules of judicial procedure." In re Jeffries' Estate, 136 Fla. 410, 181 So.2d 833, 838. Therefore, its provisions limiting the time for filing suit may be relaxed, within the sound discretion of the court, so as to permit the filing of suit even when the motion for extension of time is not made until after the expiration of the limitation period. In re Jeffries' Estate, supra; Atlantic National Bank of Jacksonville v. Kirkwood, 152 Fla. 59, 10 So.2d 743. But, as is clear from the statute and the cited decisions, a cause sufficient to authorize an extension of time for filing suit must be a "good cause," by which it is meant that "the adjudication is to be governed by a given standard of judicial action," In re Jeffries' Estate, supra, contemplating "a substantial reason, one that affords a legal excuse," or a "cause moving the court to its conclusion, not arbitrary or contrary to all the evidence," and not mere "ignorance of law, hardship on petitioner, and reliance on [another's] advice."
The unsworn petition is unaccompanied by affidavits or other evidence in the record which would provide substance to paragraph 2. Not only are the St. Lucie County attorneys unidentified, there is nothing to establish who was ill, to what extent, or for what period. The term "attorneys," not "attorney," is used, but there is no explanation why one of the attorneys could not have performed. The bare-boned statement was simply insufficient for the probate court to find good cause existed "due to illness."
As for paragraph 3, appellee's alleged inability to "trace certain assets in the possession of the decedent necessary to proceed" is not any more of a legal excuse than *401 was the delay in filing suit because of the absence of inventory in Exchange National Bank of Winter Haven v. Field, 338 So.2d 889 (Fla.2d DCA 1976), cert. den. 346 So.2d 1248 (Fla. 1977). The lack of familiarity with the Florida Probate Code alleged in paragraph 4 is precisely "ignorance of the law," which was expressly rejected in In re Goldman's Estate, supra.
The order of the probate court is reversed.
REVERSED.
LETTS and BERANEK, JJ., concur.