THOMPSON, Judge.
Mary Powell, Personal Representative of the Estate of Jewell Crockett, Deceased, (estate) filed a notice of appeal from a non-final, nonappealable order denying her motion to strike the claim of the appellee. Pursuant to an order to show cause why this appeal should not be dismissed for lack of jurisdiction, the estate requested that it be considered as a petition for writ of prohibition. We treat the appeal as a petition for writ of certiorari and grant the petition.
The estate proceedings below were initiated by the filing of a petition for administration of the estate of Jewell Crockett. The order admitting the will to probate and appointing the personal representative was entered March 31, 1988 and letters of administration were filed. Notice of administration was filed and the first publication of notice was on April 15. Proof of publication was filed April 28. On May 3, the appellee filed its statement of claim for $9,088.00. Three days later the estate filed its objection to appellee’s claim. On June 21 the estate filed its motion to strike ap-pellee’s claim. The estate filed proof of service of formal notice of objection on August 4 and a hearing was held on the estate's motion to strike appellee's claim on the same date. No testimony or evidence was presented. The estate was represented by its attorney, appellee was represented by its agent. Both submitted arguments. The lower court entered an order denying the estate’s motion to strike and granting appellee until August 15 to file an action in support of its claim. On September 1 the estate filed a notice of appeal from this non-final order.
The method of making a claim against an estate and payment of claims is controlled by statute. All claims must be filed within three months from the date of the first publication of the notice of administration. The estate complied with the statutory requirements and published the notice of administration and filed proof of publication. Appellee timely filed its statement of claim on May 3, and the estate filed a timely objection on May 6. Section 733.705(3), Florida Statutes provides that a claimant has 30 days from the date of service of an objection within which to bring an independent action on a claim. Appellee was therefore required to file its independent action on or before June 13, but failed to do so. The estate filed its motion to strike the claim on June 21 and on August 4 filed proof of service of its objection. The hearing on the motion to strike was held on the same date. The court then entered an order denying the motion and granting the appellee an extension of time in which to file the independent proceeding.
Subsection 733.705, Florida Statutes provides in part:
* * # * * *
For good cause, the court may extend the time for filing an action or proceeding after objection is filed. The extension of time shall be granted only after notice. No action or proceeding on the claim shall be brought against the per *1137 sonal representative after the time limited above, and any such claim is thereafter forever barred without any court order.
♦ *«***
The time limitation within which a creditor must file an independent action is merely a rule of judicial procedure and not a statute of nonclaim. Dohnal v. Syndicated Office Systems, 529 So.2d 267 (Fla. 1988). Section 733.705(3) specifically authorizes the court to extend the time for filing an action after an objection upon a showing of good cause and after notice. No petition for extension of time setting forth good cause was filed and no notice given of an application for an extension of time. No affidavits or sworn testimony were presented to the court to show good cause. An unsworn petition for extension that is not supported by affidavits or other testimony or evidence is insufficient for the probate court to find good cause existed. In re the Estate of Daniel J. Dezso, Deceased, 382 So.2d 399 (Fla. 4th DCA 1980). In this proceeding no sworn petition for extension was filed nor was even an un-sworn petition accompanied by affidavits filed. No testimony or other evidence to support a finding of good cause was adduced at the hearing. Only arguments of the parties, which are not evidence, was presented to the court. Accordingly, the trial court committed reversible error in granting an extension without notice and without a proper showing of good cause.
The order granting the extension is reversed without prejudice to the appellee to file a motion for extension of time within 15 days from the date this order becomes final and to have a hearing on the motion within 15 days from the date it is filed.
SMITH and MINER, JJ., concur.