870 So.2d 912 (2004)
Emilio DELGADO, Appellant,
v.
The ESTATE OF Dominga Freyre GARRIGA, Appellee.
No. 3D03-1974.
District Court of Appeal of Florida, Third District.
April 21, 2004.
Carrera & Amador, P.A., and Juan Carrera, for appellant.
Carlos A. Enriquez and Geoffrey B. Marks, for appellee.
Before COPE, GREEN and RAMIREZ, JJ.
COPE, J.
Emilio Delgado appeals orders in a probate proceeding. We affirm.

I.
The decedent, Dominga Freyre Garriga, died intestate. Her son Urbano Garriga filed a petition for administration. In it he listed himself as the only heir. He was appointed personal representative.
Appellant Emilio Delgado filed a petition for extension of time to file his claim. Delgado asserted that he is the common-law husband of the decedent, having had that status since the 1960s.[1] He argued that he should have been listed as an heir in the petition for administration but had been omitted and had not been given notice of the proceeding.[2]
The personal representative agreed to the extension of time and accordingly, the *913 trial court entered an agreed order approving it. Delgado filed his claim for the decedent's burial expenses and for the real estate titled in the decedent's name.
Delgado also advised the court that the petition for administration omitted a son of the decedent, Roberto Garriga, a resident of Cuba. The trial court appointed an attorney to act as guardian ad litem, attorney ad litem and administrator ad litem for the Cuban heir. The court stated, "Everything is frozen and at a standstill until we can have everybody represented and have a full hearing." TR. Jan. 9, 2003, at 29. The personal representative thereafter filed an amended petition for administration which included Delgado and the Cuban heir as beneficiaries.
The Cuban heir petitioned for an extension of time to file his objection to Delgado's claim. The Cuban heir argued that an extension should be granted because he had never been given proper notice of the probate proceeding to begin with, and because he needed more time owing to the logistic difficulties of communication between Cuba and the United States.
The personal representative requested an extension of time to object to Delgado's claim owing to a calendaring error in the office of counsel for the personal representative, who had been absent for a period of time due to a death in his own family. The personal representative's motion pointed out that there could be no prejudice to Delgado, because an extension would be needed in any event for the Cuban heir. Thereafter both the personal representative and the Cuban heir filed their objections to Delgado's claim.
Delgado moved to strike the personal representative's objection on the ground that it was untimely under section 733.705(2), Florida Statutes. He opposed the granting of an extension of time for the Cuban heir, saying that the showing of good cause was insufficient. The trial court denied Delgado's motion to strike the personal representative's objection, granted the extension of time for the Cuban heir to file his objection, and extended the time for Delgado to file an independent action on his claim. Delgado has appealed.

II.
If we were writing on a clean slate, we would hold that the orders now under review are non-final, non-appealable orders. Mr. Delgado in this case has submitted a claim for reimbursement for funeral expenses for the decedent, plus a claim to two pieces of real estate held by the decedent at the time of her death.
Under a 1996 amendment to the Florida Rules of Appellate Procedure (which took effect in 1997), there may be an appeal of "orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code...." Fla. R.App. P. 9.110(a)(2) (emphasis added). The change in wording of the Rule has been viewed as strengthening the requirement of finality. See Amendments to the Florida Probate Rules, 683 So.2d 78, 78 (Fla.1996) ("proposed rule 9.110(a)(2) is different from [former] rule 5.100 and appears to preclude appeals that [former] rule 5.100 permits."); In re: Estate of Nolan, 712 So.2d 421 (Fla. 2d DCA 1998); In re: Estate of Walters, 700 So.2d 434, 435 n. 1 (Fla. 4th DCA 1997); see also Garces v. Montano, 834 So.2d 194 (Fla. 3d DCA 2002).[3]
This court has, however, cited favorably In re: Estate of Elliott, 798 So.2d 13 (Fla. 1st DCA 2001), on the issue of what constitutes an appealable order. Messner v. *914 Dedeo, 826 So.2d 453, 454 n. 1 (Fla. 3d DCA 2002). In Elliott the First District concluded that pre-1996 precedent remains intact for orders which in substance require an independent suit on a probate claim. See In re: Estate of Elliott, 798 So.2d at 15 (citing Smoak v. Graham, 167 So.2d 559 (Fla.1964), and Sutton v. Stear, 264 So.2d 838 (Fla.1972)).
In Smoak the Florida Supreme Court rejected the idea "that the judicial labor of the probate court upon the controverted claim is not complete until same is ultimately ordered paid if and when claimant obtains a favorable judgment by independent action." 167 So.2d at 560. The court went on to say:
We conclude, as above indicated, that the judicial labor of the probate court is complete, for purposes of review of a ruling under [former] Section 733.18(2), at the point when recourse to suit in another court or defense of such independent action is required as a condition to any further consideration of the claim in probate. A time extension under the statute is logically unassailable thereafter in that or any other trial court, and the right of appeal should and does then accrue.
Id. at 561.[4] In Sutton v. Stear, the Florida Supreme Court ruled that an order extending the time for objections is an appealable order. 264 So.2d at 841.
As this court has previously followed the First District's decision in Elliott on the issue of appealability (holding that Smoak and Sutton remain good law today), we conclude that the orders now before us are appealable orders.[5]

III.
Turning to the merits, we affirm the orders now under review. The trial court acted well within its discretion in making sure that the Cuban heir was *915 properly represented and that he had a fair opportunity to object to Delgado's claim. The logistic and communication considerations are obvious. The denial of the motion to strike the personal representative's objection on grounds of untimeliness was likewise within the court's discretion. As the Florida Supreme Court has said, "[w]hat is or is not sufficient to establish `good cause' ... is primarily addressed to the conscience and discretion of the probate judge." Dohnal v. Syndicated Offices Systems, 529 So.2d 267, 269 (Fla. 1988) (citation and internal quotation marks omitted).
It may not be amiss to point out that Delgado has felt free to request extensions of time for himself, first to file his own claim and second, to file his adversary action, yet has refused to offer the same courtesy to his adversaries that he himself has received.
The cases Delgado relies on are not controlling here. In Powell v. Chancy-Stoutamire, Inc., 546 So.2d 1135 (Fla. 1st DCA 1989), there was no written petition for extension of time. The reversal was without prejudice to the appellee in that case to file such a written motion. Id. at 1137. In In re: Estate of Elliott, 798 So.2d at 16-17, a pro se litigant filed a motion for an extension of time to file an independent action, asserting that she had not been aware of the legal requirement that she do so within the statutory time frame. The First District concluded that under established precedent, unfamiliarity with the legal requirement would not be good cause for an extension of time. Id. at 14, 17. The situation was similar in In re: Estate of Dezso, 382 So.2d 399, 400-01 (Fla. 4th DCA 1980).
Affirmed.
NOTES
[1] The doctrine of common-law marriage was abolished in Florida for common-law marriages entered into after January 1, 1968. See § 741.211, Fla. Stat. (2001).
[2] Delgado requested the extension because more than three months had passed since publication of the first notice to creditors. See § 733.702(1), Fla. Stat. (2001).
[3] On the other hand, confusion has resulted because the committee note to the 1996 amendment to Florida Rule of Appellate Procedure 9.110(a)(2) stated:

1996 Amendment. The addition of new subdivision (a)(2) is a restatement of former Florida Rule of Probate Procedure 5.100, and is not intended to change the definition of final order for appellate purposes. It recognizes that in probate and guardianship proceedings it is not unusual to have several final orders entered during the course of the proceeding that address many different issues and involve many different persons. An order of the circuit court that determines a right, an obligation, or the standing of an interested person as defined in the Florida Probate Code may be appealed before the administration of the probate or guardianship is complete and the fiduciary is discharged.
Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 796 (Fla.1996) (some emphasis added; some emphasis in original; underlining omitted). The Florida Supreme Court did not adopt the committee notes as an official part of the Rules. Id. at 777.
[4] Under the statutes then in effect, the probate proceeding in Smoak was conducted in the county court while the independent action for damages was filed in the circuit court. In re: Estate of Hamlin, 157 So.2d 844, 845-46 (Fla. 2d DCA 1963), quashed, Smoak v. Graham, 167 So.2d at 562. To the extent that the decision was based on the fact that the adversary proceeding was conducted in a different court than the probate proceeding, such concern would not necessarily be valid today after the unification of the Florida court system in 1972.
[5] Perhaps there should be further study of this problem with a view toward developing a rule further defining what constitutes a final order in a probate appeal. It appears wasteful to allow piecemeal appeals, one before and the other after the adversary action. Further, since rulings on extensions of time are subject to review under an abuse of discretion standard, it seems likely that most appeals of rulings on motions for extensions of time will result in affirmance. At least in those cases in which the adversary action is filed in a Florida circuit court, there does not appear to be a sound reason to allow an immediate appeal when the ultimate appeal can come at the conclusion of the adversary action.