997 So.2d 436 (2008)
Dorothy W. KLINGENSMITH, Appellant,
v.
FERD AND GLADYS ALPERT JEWISH FAMILY, et al., Appellees.
No. 4D08-499.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
Rehearing Denied January 21, 2009.
J.K. Kivisto of Kivisto Law Firm, Lake Worth, for appellant.
Stephen M. Cohen, Palm Beach Gardens, for Appellee-Ferd and Gladys Alpert Jewish Family.
MAY, J.
Our jurisdiction to review the trial court's order in this probate matter is called into question in this appeal. Dorothy Klingensmith, the mother of Gloria Herman, appeals an order that permitted the Ferd and Gladys Alpert Jewish Family & Children's Service of Palm Beach County, Inc. (AJFCS) to file a petition for administration of Herman's estate. We do not reach the merits of the appeal because we have no jurisdiction. We therefore dismiss the appeal.
At one time, AJFCS had been the guardian of Herman's person and property. *437 At the time of Herman's death, AJFCS was guardian only of her property. Herman died intestate on September 2, 2007. Prior to her death, Herman had filed suit against AJFCS for breach of fiduciary duty, negligence, and gross negligence.
Five days after Herman's death, AJFCS filed, under oath, a caveat by interested person other than creditor, specifying its interest as that of "the former Plenary Guardian of the Person and Property of Gloria Herman." The following month, AJFCS filed a petition for administration, this time specifying its interest as "Guardian of decedent, pursuant to F.S. 733.301(2)."
The decedent's mother, Dorothy Klingensmith also filed a petition for administration, specifying her interest as the sole heir of her daughter. In reply, AJFCS filed: (1) a motion to compel depositions; (2) an amended answer to Klingensmith's petition; and (3) a second amended petition for administration. Klingensmith moved to strike all three pleadings.
In its order, the trial court found that AJFCS had standing to file the second amended petition and its amended answer to Klingensmith's petition, and to engage in motion practice and discovery. The court then granted AJFCS' motion to compel depositions, allowed it to file its second amended petition, and denied Klingensmith's motions to strike. It is from this order that Klingensmith appeals.
In its initial brief, Klingensmith relies on Florida Rule of Appellate Procedure 9.110(a)(2) and its committee note as authorization for this appeal. "Florida Rule of Appellate Procedure 9.110(a)(2) authorizes appellate review `of orders entered in probate . . . matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code.'" Dempsey v. Dempsey, 899 So.2d 1272, 1273 (Fla. 2d DCA 2005) (omission in original). The committee note states: "An order of the circuit court that determines a right, an obligation, or the standing of an interested person as defined in the Florida Probate Code may be appealed before the administration of the probate or guardianship is complete and the fiduciary is discharged." Rule 9.110(a)(2), Fla. R.App. P. cmt. Klingensmith suggests that the court's finding that AJFCS had standing to "file" the petition is in essence a finding that AJFCS is an interested person under the probate code. We disagree.
Significantly, the committee note explains that the 1996 amendment to the rule "does not abrogate prior case law holding that a party's right of appeal arises when there is a termination of judicial labor on the issue involved as to that party." Walters v. Edwards, 700 So.2d 434, 435 n. 1 (Fla. 4th DCA 1997). In fact, the amendment "has been viewed as strengthening the requirement of finality." Delgado v. Estate of Garriga, 870 So.2d 912, 913 (Fla. 3d DCA 2004).
Here, the trial court did not finally determine whether AJFCS was an interested person[1] and therefore able to petition for administration. Rather, the trial court *438 found only that AJFCS had standing to "file" a petition for administration. The order on appeal does not therefore put an end to all judicial labor on the issue of whether AJFCS is an interested person under the Probate Code. It is not final and we are without jurisdiction.
Appeal dismissed.
WARNER and DAMOORGIAN, JJ., concur.
NOTES
[1] The Probate Code provides that "[a]ny interested person may petition for administration." § 733.202, Fla. Stat. (2007).

"Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. . . . The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
§ 731.201(23), Fla. Stat. (2007).