MAY, J.
 

 The personal representative of an estate appeals an order granting summary judgment for the surviving spouse on her objection to an allocation plan for the distribution of settlement proceeds arising from a wrongful death claim. Because we
 
 sua sponte
 
 find the order to be non-final and non-appealable, we dismiss the appeal.
 

 The decedent died in a motor vehicle accident, which gave rise to a wrongful death claim. The personal representative of the estate is one of the decedent’s three adult sons, and a residuary beneficiary of the estate. The surviving spouse is a non-citizen.
 

 The trust beneficiaries executed a Distribution Agreement. The agreement’s purpose was to convert a revocable trust into a qualified domestic trust (QDT) to preserve the marital deductions that are inapplicable to non-citizens and to save the estate money.
 
 See
 
 26 U.S.C. § 2056A. The agreement specifically allocated the QDT administration expenses to be paid by the three sons. It did not address the proceeds of the wrongful death claim, despite everyone being aware of it prior to entering into the agreement.
 

 Subsequently, the wrongful death claim settled for two million dollars, leaving $1,298 million for the estate. A dispute then arose over the responsibility for the administration expenses related to the QDT.
 

 The surviving spouse filed a motion to compel the personal representative to sign the settlement checks. In response, the personal representative prepared an apportionment plan for the settlement proceeds. The second amended apportionment plan allocated $962,366 to the estate for reimbursement of the QDT’s administration expenses and $335,634 to the surviving spouse.
 

 The surviving spouse filed an objection to the plan and moved for summary judgment, attaching the Distribution Agreement, a letter written by her attorney, an estate inventory which included the value of the wrongful death claim, and an economist’s report.
 

 The personal representative filed a response, indicating that, “[pjrior to the settlement of the wrongful death action, the Parties entered into an oral agreement. As part of the Oral Agreement, [the surviving spouse] agreed to pay the expenses of the Estate out of the proceeds of the wrongful death action.” He attached his affidavit, attesting to the oral agreement.
 
 *1107
 
 The court entered an order granting the surviving spouse’s motion for summary-judgment, giving rise to this appeal.
 

 Rule 9.110(a)(2) of the Florida Rules of Appellate Procedure provides for “review of orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code.” “Significantly, the committee note explains that the 1996 amendment to the rule ‘does not abrogate prior case law holding that a party’s right of appeal arises when there is a termination of judicial labor on the issue involved as to that party.’ ”
 
 Klingensmith v. Ferd, & Gladys Alpert Jewish Family,
 
 997 So.2d 436, 437 (Fla. 4th DCA 2008) (quoting
 
 Walters v. Edwards,
 
 700 So.2d 434, 435 n. 1 (Fla. 4th DCA 1997)).
 

 An order merely granting a motion for summary judgment is not a final order because it does not enter judgment for or against a party.
 
 White Palms of Palm Beach, Inc. v. Fox,
 
 525 So.2d 518, 519 (Fla. 4th DCA 1988),
 
 abrogated on other grounds by Dobrick v. Discovery Cruises, Inc.,
 
 581 So.2d 645 (Fla. 4th DCA -1991).
 

 Here, the order in essence sustained the surviving spouse’s objection to the personal representative’s apportionment plan. It is neither a final nor an appealable, non-final order. We must therefore dismiss the appeal.
 
 [1]
 

 Dismissed.
 

 TAYLOR and LEVINE, JJ., concur.
 

 [1]
 

 . Because we dismiss this appeal and remand the case for further proceedings, we note the existence of genuine issues of material fact concerning the responsibility for the administrative expenses of the QDT.