NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD ALAN SAMAD,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D18-709
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STELLA PLA and RAYMOND⠀⠀⠀⠀)
ALBERT PLA, JR.,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellees.⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed March 15, 2019.

Appeal from the Circuit Court for Lee
County; Michael T. McHugh, Judge.

Richard Alan Samad, pro se.

Scott A. Kuhn of Kuhn Law Firm, P.A.,
Fort Myers, for Appellee Stella Pla.

No appearance for remaining Appellee.

ROTHSTEIN-YOUAKIM, Judge.

⠀⠀⠀⠀⠀Richard Alan Samad appeals from an order that granted Stella Pla (Pla),

the surviving spouse of Raymond Albert Pla (the decedent), an extension of time to file

her election to take an undivided one-half interest in the decedent's homestead property

as a tenant in common under section 732.401(2), Florida Statutes (2017), and deemed

Pla's homestead election timely. We reverse because the trial court erred as a matter

of law in granting the extension and deeming the election timely. Our review is de novo.

See Hill v. Davis, 70 So. 3d 572, 575 (Fla. 2011) ("Because this issue is one of statutory interpretation, review is de novo.").

Pursuant to section 732.401, a surviving spouse takes a life estate in the homestead unless he or she elects to take an undivided one-half interest in the homestead as a tenant in common. § 732.401(1), (2). The surviving spouse must make such an election within six months of the decedent's death, § 732.401(2)(b), and that time limit "may not be extended except . . . [upon a] petition by an attorney in fact or by a guardian of the property of the surviving spouse for approval to make the election," § 732.401(2)(b), (c). The petition itself, however, must be timely filed within those six months. § 732.401(2)(c).

Pla neither made the election nor filed such a petition within the six-month period. Instead, approximately seven-and-a-half months after the decedent's death, she moved pursuant to Florida Probate Rule 5.042(b)(2) for an extension of time to make the election, claiming excusable neglect. Samad argued, among other things, that rule 5.042(b) is inapplicable to extend the time prescribed in section 732.401(2). The trial court, however, agreed with Pla that excusable neglect could warrant an extension, and it determined that Pla had made the requisite showing.

Samad's argument, which he reiterates on appeal, is well taken; rule 5.042(b) is inapposite to the application of section 732.401(2). The rule provides, in pertinent part, that "[w]hen an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder," the court may grant a request for enlargement of time to accomplish the required act if (1) a request for enlargement is made before the expiration of the specified time or (2) after expiration of the time if "the failure to act was the result of excusable neglect."

(Emphasis added.) By its own terms, therefore, rule 5.042(b) does not apply to acts required to be done within a specified time by statute, and there is no probate rule relating to a surviving spouse's right to elect an undivided one-half interest in the decedent spouse's homestead as a tenant in common.[1]

Indeed, the cases that Pla cites on appeal actually underscore the inapplicability of the rule here. In re Estate of Cummins, 979 So. 2d 984, 986 (Fla. 3d DCA 2008), involved an untimely notice under Florida Probate Rule 5.401(d) and, therefore, implicated "an act . . . required . . . within a specified time by these rules." Accordingly, rule 5.042(b) governed the trial court's authority to grant an extension for that untimely notice. May v. Illinois National Insurance Co., 771 So. 2d 1143, 1145 (Fla. 2000), Dohnal v. Syndicated Offices Systems, 529 So. 2d 267, 268-69 (Fla. 1988), Delgado v. Estate of Garriga, 870 So. 2d 912, 913-15 (Fla. 3d DCA 2004), and Dimick v. Estate of Barry, 787 So. 2d 198, 199 (Fla. 4th DCA 2001), involved statutorily required notices that were untimely but for which extensions were specifically authorized by statute; rule 5.042(b) simply did not come into play and was not even mentioned.

Because Pla failed to satisfy the requirements set forth in section 732.401(2), the trial court erred as a matter of law in granting her an extension of time to file her notice of election under that section and in deeming her election timely.

Reversed.

CASANUEVA and BADALAMENTI, JJ., Concur.

_____

[1]The option to elect an undivided one-half interest in homestead property as a tenant in common was added effective October 1, 2010. See ch. 2010-132, § 7, Laws of Fla.