# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-458
Lower Tribunal No. 14-547
_____

**Rian A. Maercks,**
Appellant,

vs.

**Arin B. Maercks,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for appellant.

Law Offices of Mendez & Mendez, P.A., and Sergio L. Mendez and Daniel J. Mendez, for appellee.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

ON MOTION TO DISMISS

LOGUE, J.

This appeal arises from a probate matter. Decedent Nita Maercks executed a will that was admitted to probate. She also executed another document regarding the distribution of her assets. Appellee Arin B. Maercks, one of the three children who are beneficiaries under the will and who is the personal representative, petitioned to have the second document admitted to probate as a codicil even though he had not included it initially. The trial court granted the motion and admitted the document as a codicil. In its order doing so, the trial court stated:

> By entering this Order, the Court <u>does not</u> make any rulings of fact or law, as it applies to the content of the [Codicil] . . . , the legal positions of the parties, <u>or</u> the effect of the Codicil on the Order entered in this case. <u>Any such arguments will need to be further litigated</u> by the parties. The Court <u>simply rules on the admission</u> of the Codicil which was executed on November 16, 2013, to probate.

(Emphases added). Rian A. Maercks, one of the three beneficiaries, timely appealed. Appellee moved to dismiss the appeal for lack of jurisdiction.

Appellant contends we have jurisdiction under Florida Rule of Appellate Procedure 9.170(b)(2), (12) & (13). This rule provides a non-exclusive list of probate orders that are appealable because they "finally determine a right or obligation of an interested person." Rule 9.170(b).

At the outset, we note that the order under review does not "finally determine a right or obligation of an interested person." To the contrary, it expressly states that it "simply rules on the admission of the Codicil." In so doing,

2

the order itself explicitly states that it "does not make any ruling of fact or law, as it applies to the content of the Document . . . , the legal positions of the parties, or the effect of the Codicil on the other Orders entered in this case." Indeed, the Order expressly contemplates additional judicial labor: it provides that such arguments or issues "will need to be further litigated." The Order, therefore, does not terminate judicial labor or provide finality as to any issue or party in this case. See Klingensmith v. Ferd & Gladys Alpert Jewish Family, 997 So. 2d 436 (Fla. 4th DCA 2008); Dempsey v. Dempsey, 899 So. 2d 1272 (Fla. 2d DCA 2005).

Nevertheless, Appellant contends that we have jurisdiction because the Order determines "a petition or motion to revoke probate of a will." Fla. R. App. P. 9.170(b)(2). Notably, no such petition or motion was ever filed in the probate court proceedings. And, the plain language contained in the Order clearly states that the Order does not rule on other orders entered in the case.

Next, Appellant argues that we have jurisdiction because the Order determines "an estate's interest in any property." Fla. R. App. P. 9.170(b)(12). However, the Order merely admits the codicil to probate; the legal effect of which will be determined after the parties further litigate the issues. It therefore cannot be said to rule on any estate's interest in any property.

Finally, Appellant submits that we have jurisdiction because the Order determines "exempt property, family allowance, or the homestead status of real

3

property." Fla. R. App. P. 9.170(b)(13). Appellant claims that the Order has the legal effect of determining a homestead status. Essentially, Appellant insists that the Order undoes a previously entered order which determined the homestead status of the home left by Decedent and converts that homestead to conform to the time-sharing plan contained in the Codicil. But the Order plainly states that it does not decide on such issues or overrule any other order entered in the case.

Dismissed.